Chief Justice Robertson
delivered the Opinion of the Court.
Lewis Chais enjoined a judgment which William Whips had obtained against him, on a note made payable to John Dowden, dated in 1807, and assigned to Whips in 1828.
The ground for relief relied on in the bill, is the alleged payment of the amount of the note prior to the assignment, and the failure to make any defence in the action at law.
There can be no doubt that solvit ad diem was (at common law) a good plea in bar of a suit on a bond with a condition. But there are authorities tending to shew, that in a suit on a single bill, payment on the day was not pleadable without an acquittance under seal, See Co. Reports, 43, a ; Cro. El. 455 — 884.
Opposed, however, to these and other concurrent an-thorities, may be found many intimations by this court, fortified by long established practice in this state, as well as respectable dicta elsewhere.
But the payment insisted on in this case, is virtually alleged to have been made after the day, which was certain I y not pleadable at common law, and of which the chancellor lias retained, since the statute authorizing it * i i i i ....... ° to be pleaded, a concurrent jurisdiction.
There is no positive proof of payment. But the circumstances which have been exhibited, fortified as they *376 are ^ie laPse °f moré (ban twenty years, unaffected by any fact counteracting the legal deduction therefrom, are sufficient to shew satisfactorily, that the whole amount °f the note had been paid to the assignor prior to his assignment.
But the note has not been exhibited ; and the only description we have had of it is that given in the bill —“ Your orator — executed his note." From that description alone, we are not permitted to infer that the note was a specialty ; but, on the contrary, should presume, that it was only a simple contract.
In an action of assumpsit, or debt, on such a contract, pavment, total or partial, was pleadable at common law, or proveable under the plea of non assumpsit, or nihil de-bet; and, consequently, s "h matter, when it might have been pleaded to the action, or given in evidence under , the general issue, was never permitted to avail in chancery, in opposition to a judgment fairly obtained on the contract, unless satisfactory reason for not asserting it at law had been shewn. No such reason has been shewn in this case.
As, therefore, it was Craig’s duty to present such facts as would give jurisdiction to the chancellor, and authorize a, decree for some relief, we are constrained to conclude, that it was proper to dissolve his injunction and dismiss his bill.
We cannot deem the assignor a necessary party in such a case. The assignment transferred his entire legal right, and his answer could not operate as evidence against his assignee.
Wherefore, the circuit court did not err in dismissing the bill absolutely.'
The decree of the circuit court must be affirmed..