Judge Marshall
delivered the Opinion of the Court.
To a petition and summons brought by Olmstead, Smith fee. against Gearhart fee. the defendants filed four pleas;-of which the first presented, as matter in abatement, the fact that the plaintiffs had not filed the nqte mentioned in the petition, before the summons issued.' The other pleas present partial answers to the demand sued for, and admit the residue. A joint demurrer was *442 filed to all of the pleas in the usual form of a demurrer to a plea in bar; and the Circuit Court being of opinion no one 0f the pleas was good, sustained the demurrer, and rendered judgment against the defendants, for the debt.
The action by monTis com men cedby filing the note with the petition, and not .otherwise; and af the summons issues before the note is filed, deft. may plead that fact in abatem’t, and defeat the ac -tion. JudgeEw-mg, dissenting, thinks such aplea insufficient; es-'doesnotaTeiuhat thenote has not thiTplea6.Í3Wpre-,-sented.
If any one of the pleas is good, the demurrer should, of course, have been overruled as to that plea, and a judgment rendered thereon for the defendants, according to the nature of the plea, unless the plaintiff had offered a valid replication, or there were some other cause to prevent it.
The first enquiry, then, taking the pleas in their proper order, is whether the fact stated in the plea in abatement, is a proper ground for abating the suit. . . , , , And this question depends upon the proper construc-\fion and effect of the statute of 1805, (2 Stat. Law, , 1319,) which created and defined the remedy by peti-t¡on an¿ summoíls.
gy the first section of that statute, it is enacted , , , n. , , „ , „ “ that if any person holding a bond or note &c. shall «desire to put the same in suit, he may do so by filing it 1 „ i . , “ with the clerk of any Circuit Court holding jurisdic- “ ^on thereofi together with a petition purporting as fol“lows,” &C.
It seems to a majority of this Court, that according to the plain language of the statute the remedy therein prescribed, must be commenced by filing the note with the petition; that until the note is filed, it is not put in suit, and the proceeding, as authorized by the statute, has not commenced, although a petition may have been previously filed; that until the note is filed, the party has not done that upon doing which alone he is authorized to pursue the remedy by petition and summons; and that consequently, until the note is filed, there is no authority for issuing the summons. If this be so, it follows that a summons issued before the note is filed, being on that account issued without authority in this proceeding, the party upon whom it is executed ought •not to be bound to answer to the action, and should be .allowed to plead the fact in abatement.
*443 This, it may be said, is giving too literal and narrow a construction to a highly remedial statute. The statute is, indeed, remedial, but it is intended to be remedial to the defendant, as well as to the plaintiff. Why else did it require that the note should be copied in the petition, and that a copy of the petition, including that of the note, should be delivered to the defendant? and why did it require the note itself to be filed, together with the petition, as a means of putting it in suit? Evidently these provisions were intended for the advantage of the defendant, and should be construed so as to subserve the objects intended to be secured by them.
The remedy furnished by this statute, when compared with others then in force, greatly facilitated and expedited the recovery of debts due by note or bond for the direct payment of money; and the Legislature obviously intended to guard this new and more expeditious remedy by conditions which should facilitate, also,. the means of defence to the defendant, and secure him from injustice. The remedy by other actions has been-since facilitated, and the requisition that in pursuing this remedy a copy of the petition and note shall be delivered to the defendant, as a part of the service of the summons, has been repealed. But .the requisition that the plaintiff shall file the note, as a means of putting it in< suit in the action by petition and summons, has not beenu dispensed with.
In other remedies founded on written instruments, ■ the plaintiff is not bound to exhibit the writing sued on, until called for on oyer prayed in Court, and the defendant has no right to see it until he comes in to plead, and demands to hear it read. The statute in prescribing this remedy, intended that the note should be filed in the clerk’s office, at the very commencement of the suit, in order that the defendant should have the opportunity at any time, of inspecting it, whereby he may ascertain at once whether it is genuine, and has the proper credits endorsed, and be the better prepared to make his defence if he has any connected with the ten- or of the writing; or if he sees that every thing is right upon the note, and he has no defence, he may feel se *444 cure that his credits will be allowed him, as a matter of course, without his appearing and craving oyer. If the note is not necessarily to be filed at the commencement of the suit, and as a means of giving it a legal beginning, there is no way of coercing its production, but upon oyer in Court; and if the defendant, knowing that the note is genuine, and that the proper credits are endorsed, and resting satisfied with the security held out to him in the statute, of the note being filed together with the petition, and being thus necessarily in Court, when the judgment is rendered, he do not think it necessary to incur the expense or inconvenience of appearing in Court, to see if it is there, and to crave oyer if it is not, the judgment may be rendered without the note, and without any entry of the credits. In which case, the party might afterwards be driven to a suit in chancery to obtain them. It might be said, in regard to other actions, that it was the neglect of a defendant in such a case, not to appear and have the note produced. When this remedy is adopted, the very letter and obvious import of the act assures him, that if he is satisfied that the note is genuine, and the proper credits endorsed, he need not go either to the office or to the Court to- see that it is there. If the statute be pursued the note will not only be in Court when the judgment is rendered, though the defendant do not appear, but it will afterwards remain with the papers of the suit still subject to inspection and examination.
Consequences which flow plainly and directly, from a literal compliance with the provisions of the act, and which, moreover, are not only not unreasonable, but might well be deemed of some importance in digesting a summary remedy for the collection of debts, must be presumed to have been contemplated and intended by the Legislature; and while these provisions remain unre-pealed, we do not feel at liberty to sanction a departure from their obvious import.
The act of 1827 — Stat. Law, 1322 — which dispenses with the necessity of delivering to the defendant a copy of the petition, has, by thus far placing the remedy by petition more nearly on a footing with other remedies, *445 probably contributed, in some degree, to a relaxation in the practice as to the filing of the note. But such a relaxation is not justified by the act referred to; which authorizes the summons to issue upon a petition filed according to the first section of the original act, and does not authorize it upon any other basis. The omission to file the note before the summons issues, is, therefore, even in the modified state of the proceeding, a defect operating at the very commencement of the suit. And although the defendant might waive the defect as a ground of defeating the suit, by failing to plead it in abatement, yet as it is properly the subject of such a plea, and as the defendant has so pleaded it, he is, in our opinion, entitled to the full effects of his plea.
A plea that purports to answer a part of the action only — confessing the residue , is good ; plaintiff should not demur, but take judg’t for the part unanswered, and reply to the plea as to the rest.— But if the plea is not good for what it purports to answer, a demurrer must be sustained. Partial payme at or before t day, or full pa ment after t! day,may be pie of payment, th ded; but partial payment, after the day, is a defence not available by plea it may be pleaded ns an accord and satisfaction pro tanto, or as a set-off, The ancient notion that a pltf. by filing one demurrer to pleas in abatement and subsequent pleas, discontinued his action,is not law here: the pleas should be severally sustained or overruled, according to their merits.
*445 We are of opinion, therefore, that the Circuit Court erred in sustaining the demurrer as to the plea in abatement. In this conclusion, and the construction of the statute on which it is founded, but more particularly as to the sufficiency of the plea without an averment that the note was not filed before, or at the time of the filing of the plea, Judge Ewing does not concur.
The general objection to the three last pleas, is that they answer but a part of the cause of action. But they purport only to answer a part, and conclude that, as to the residue the defendants cannot gainsay the plaintiff’s action. And it has been long settled that, if the matter of such a plea be a sufficient answer to that part of the demand which it purports to answer, there is no ground for a demurrer; but the plaintiff may, unless there be some other good plea, take judgment for so much as is not answered, and reply to the matter of the plea. McCall vs. Welch, 3 Bibb, 290. If, however, the matter of the plea be not sufficient to bar that part of the demand which it professes to answer, either because it is not pleadable in bar, or is not sufficiently set forth, a demurrer to the plea should be sustained.
The first of these partial pleas alleges payment of a part of the demand before the suit was commenced, without shewing that it was on or before the day when *446 the note became due. The second alleges the amount and date of various partial payments,, making up the sum alleged to have been paid in the'first, and showing that only one of these payments was made on or before the day. The third plea relies only on the small payment made before the day.
It is considered to be the settled doctrine, that a partial payment on or before the day on which the debt is due, may be pleaded; and full payment after the day, is pleadable by statute, but this Court has not yet gone so far as to sanction a plea of partial payment after the day; but has decided that it cannot be pleaded. And although, as the same matter may be pleaded by way of accord and satisfaction, or as a set off, there may not be much reason for adhering to the rule which prohibits •the plea of a partial payment after the day — yet, as, in consequence of the same circumstances, the allowance of such a plea is not esssential for securing to the debt- or the full effect of his payment, we are not disposed, as at present advised, to unsettle the practice as established heretofore. McWaters vs. Draper, 5 Mon. 497; 6 J. J. Marsh. 340; 1 Dana, 375.
It is contended that, by filing one demurrer (in the common form) to the plea in abatement and the subsequent pleas, the plaintiffs have discontinued their action. But this technical doctrine has been in effect repudiated by this Court, (Clark’s Administrator vs. Chiles, 4 Mon. 390; McWaters vs. Draper, supra,) and is not consistent with the system of practise and pleading now prevailing in this State, nor with the disregard of mere form enjoined by our statutes. Any confusion which might arise in such a case, has its origin in allowing the defendants to file, at the same time, pleas which in strict practice should not be filed together. There is, however, no real difficulty. The demurrer should have been overruled, as to the plea in abatement, and as to the other pleas, except the last, it should have been sustained. The plaintiffs might, of course, have replied to each of the good pleas, and may do so still, but he can have no judgment for any part of his debt, unless he succeeds in repelling the effect of the plea in abatement.
*447 Wherefore, the judgment is reversed, and the cause remanded with directions to overrule the demurrer as to the plea in abatement, and the last plea; and for further proceedings thereon, in conformity with the principles of this opinion.