THE WILSON SEWING MACHINE COMPANY v. BULL.

1. **Practice**: WAIVER OF ERROR: APPEAL. Where a case has been tried without objection upon the theory that certain issues were involved, a party cannot claim on appeal that no such issues were tendered by the pleadings, and that the evidence bearing thereon was improperly admitted.

.2. **Evidence**: ACCOUNT. The testimony of a party was held competent to show that a certain item was included in a bill presented to him by the other party, and upon which a settlement was made.

3. **Instructions**: PRACTICE. The practice of giving the jury instructions in chief and then giving all the instructions asked by each party is not to be commended, its tendency being to confuse the jury. Certain instructions considered and approved.

*Appeal from Superior Court of Cedar Rapids.*

TUESDAY, DECEMBER 9.

ACTION on a promissory note. Trial by jury, verdict and judgment for plaintiff for much less than the amount of the note, and the plaintiff appeals.

*Luban Allen*, for appellant.

*Mills & Keeler* and *J. W. Bull*, for appellee.

SEEVERS, J.—The execution of the note was admitted, and as a defense the defendant in substance pleaded that one Coon had been appointed agent for the plaintiff, and defendant had signed a bond given to the plaintiff by said Coon as his surety, conditioned in substance that said Coon would faithfully perform the duties of such agent; that said Coon became indebted to plaintiff, and the defendant liable therefor by reason of his having signed said bond; that there was an adjustment of said indebtedness, and as the result thereof defendant gave plaintiffs a promissory note; that said adjustment was brought about by reason of a reliance by defendant on statements made by the plaintiff as to the state of the accounts; that in fact said note was given for a larger amount than defendant

was liable for, because the plaintiff included in the amount due a bill of goods amounting to $317.88, for which the defendant was not liable; that the representations as to the amount of said indebtedness were made for the "purpose of deceiving and cheating the defendant," and that he did "not discover the fraud practiced on him until after the commencement of this action." There was also a counter claim pleaded. The reply denied the allegations of the answer, but admitted the execution of the draft on which the counter claim was based, and pleaded that in consideration of plaintiff's agreement not to bring suit on the note, that defendant promised to pay the same at a time subsequent to its date, and also that defendant had promised to pay the note if plaintiff would cause certain affidavits touching the settlement, and matters connected therewith, to be made.

There was evidence tending to support the allegations in the pleadings, and that on July 17, 1876, the plaintiff declined to furnish Coon any more goods, because the sufficiency of defendant as surety was doubted, and required Coon to give a new bond with additional security. The evidence tended also to show that such bond was given, and that it was conditioned for the payment of any present or future indebtedness. The bond was dated July 26, and was received by the plaintiff July 29, 1876, when the plaintiff wrote Coon that the previous contract, for the performance of which defendant was surety, had been canceled to take effect July 19, 1876; but there was evidence tending to show such date was a clerical error, and that the true date was the 29th. The evidence tended to show that goods to the amount of $317.88 were furnished Coon on the 20th of July, one day after the alleged cancellation of the contract on which defendant was surety. Such being the material facts, the propositions of law will now be considered.

I. It is urged the court permitted evidence to be introduced not justified by the pleadings, the point being that evidence of the cancellation was inadmissible because there was no such issue. It is sufficient to say no such objection was made to the introduction of evidence. That is, it was not objected even in general terms that the evidence

1. PRACTICE: waiver of error: appeal.

was incompetent, or that evidence tending to show a cancellation was inadmissible. On the contrary, such evidence was offered by both parties, and admitted without objection. After having tried the case on the theory that such matter was in issue, it is too late now to say there was no such issue, and the evidence, therefore, inadmissible. If timely objection had been interposed, the defendant might have amended his pleadings and pleaded in distinct terms the cancellation of the contract.

That we may not be misunderstood, it may be well to state that there was evidence tending to show there was written across the face of the bond at the time of the settlement, "Canceled July 17, 1876, W. G. W." A witness was permitted to state that in his opinion the foregoing was in the handwriting of the president of the plaintiff. This evidence was objected to on the ground, and no other, that the witness had not shown himself to be an expert. In our opinion this objection was properly overruled. At the time a note was given, the one in suit being in part a renewal of such note, the plaintiff exhibited a bill of items showing the indebtedness of Coon, and the defendant, against the objection of the plaintiff, was permitted to testify wherein said bill of items was incorrect, the objection being that the bill was the only competent evidence of its contents. The only question was 2. EVIDENCE: whether the amount of $317.88 was included in account. said items. That it was included was not in fact disputed, the point of dispute being, although included, was the defendant liable. The evidence, if erroneous was not prejudicial, but we think it was competent for the defendant to testify, if it was a fact, that said amount was included in the bill of items, even though the paper or writing was not then present.

II. The court seems to have charged the jury in chief and then given all the instructions asked by each party. This 3. INSTRUC-TIONS: practice cannot be commended. A clear and distinct enunciation of the law upon all the points practice. required should be given the jury. A repetition only tends

to confuse; when the law of the case has been once stated to the jury, all further instructions should be refused.

No exceptions were taken to the charge of the court at the time it was given. But exceptions thereto were filed two days after the verdict, which will be regarded as having been embodied in the motion for a new trial. It is now insisted that paragraphs one and six of the charge are erroneous, but no exceptions thereto were taken at any time in the court below. Under our uniform practice such objections cannot be considered.

III. The third and fourth paragraphs of the charge are as follows:

"3. You are instructed that if you find from the evidence that the bill of goods purchased July 20th, for the sum of $317.88, was purchased under the contract made between plaintiffs and Coon, on the 5th day of May, 1876, the sum will be properly chargeable and the bond given by defendant to the plaintiffs would be holden for the same.

"4. You are instructed that if you find from the evidence that the plaintiffs in this suit canceled the contract and bond made with Coon on the 5th day of May, 1876, and that the same was canceled before the purchase of the bill of goods purchased by Coon of plaintiffs on the 20th July, you will find that the defendant would not be liable for such goods under his bond, and that if the same was included in the note of $682 originally given by defendant you will find that said note was without consideration to the amount of $317.88."

The contract and bond under which the defendant is liable are dated in May, 1876, and it is objected that the third paragraph is objectionable because it assumes that if the $317.88 bill was not bought under that contract the defendant would not be liable. The pivotal question before the jury was, whether the bond and contract had been canceled before the said bill of goods was furnished to Coon. If the goods had been furnished before that time the defendant was liable, otherwise not. No fact is assumed in the third paragraph, but the question of fact is fairly and correctly submitted to the jury. It must be said in connection with the fourth paragraph, which

is also objected to because not warranted by, " nor applicable to, the evidence, it erroneously assumed that the bond only secured the contract of May 1876."

Unless the contract and bond had been canceled there is no question but that the defendant was liable, and the paragraph in question does not enunciate any other rule, and it does not encroach on the province of the jury. It is a grave mistake to say there was no evidence on which the paragraph under consideration could be based. The same may be said as to all the instructions given, although the same objection is made to nearly all of them. Many reasons are stated in argument why the foregoing paragraphs are erroneous. We have carefully examined them, and find that none of them are well taken. We cannot undertake to refer to them in detail, further than to say that, as evidence was introduced without objection by both parties in relation to the cancellation, it was proper the court should submit that question to the jury, in order that they might determine whether the defendant's liability was affected thereby.

IV. Paragraph seven of the charge is in relation to what the jury should do in case they found defendant was not liable for the $317.88. This is said to be erroneous because " if the defendant's liability for that sum was doubtful, the evidence is conclusive     *     *     *     he waived all his legal rights in making the compromise and settlement." This is not a valid objection to the instruction. Whether there was such a compromise, and its effect on defendant's liability, was fully submitted to the jury in the instructions given at the instance of the plaintiff, and whether the evidence was of the conclusive character stated was a question for the jury.

V. Instructions one, two and four, asked by the defendant and given by the court, are in relation to the cancellation of the contract and bond, and they in substance enunciate the same doctrine, which is that if the bond was canceled and the $317.88 bill of goods was not furnished to Coon until afterward, then the defendant was not liable. These instructions are objected to because:

1. There was no evidence tending to show a " cancellation

of the contract." This is a grave mistake; there was such evidence.

2. "The preponderance of testimony, both positive and circumstantial, was against the fact of cancellation." This was a question for the jury, and conceding it to be correct does not constitute a valid objection to the instructions.

3. "The whole evidence given in the case proves that the defendant settled the claim of the plaintiff." This also was a question for the jury. Many other objections of like character are made to these and other instructions, and are again and again reiterated. Counsel seem to have forgotten, or choose to ignore the fact, that the defendant had the right to have the case submitted to the jury on his theory if there was evidence tending to support such theory. Whether the evidence was sufficient to establish the propositions submitted to the jury in the instructions is quite another matter.

The fifth instruction, given at the instance of the defendant, informed the jury that the defendant had the right to rely on the statement of the plaintiff as to the amount due from Coon. The substance of the objections to this instruction is that defendant might, by the use of due diligence and by making inquiry of Coon, have ascertained whether or not the representation was correct, and because he did not do so he is bound. The objections assume that Coon knew the state of the accounts. It may be he did, but there is no evidence so showing. Besides this, defendant's liability depended on the cancellation of the contract, and this was a question of law and fact. To require the defendant to anticipate the contract had been canceled when the $317.88 bill of goods was furnished, and hold him liable because he did not inquire in relation thereto, would be requiring of him a greater degree of diligence than he can properly be charged with. The defendant had no reason whatever, under the evidence, to believe the representation made by the plaintiff as to the state of the accounts was not correct. He, therefore, had the right to rely thereon, and it was proper for the court to so say to the jury.

VI. In the twelfth, thirteenth, and fourteenth paragraphs

in the argument of counsel for the plaintiff many other objections to the same instructions just under consideration are made. They can hardly be classed as serious objections, being more in the nature of criticisms as to the language, style, and "comprehensiveness." It is sufficient to say we have examined them all and are unable to say that any prejudicial error was committed by the court.

The fifteenth, sixteenth, and eighteenth paragraphs in the argument of counsel for the plaintiff in various forms raise the question that the verdict and judgment are not supported by the evidence. At most the evidence was conflicting. There may have been a possible preponderance in favor of the plaintiff, but this we doubt. Still, under the settled practice, the verdict cannot be disturbed.

It is urged that the verdict was rendered by five jurymen instead of six, and that only the former number retired to consider as to the verdict. This objection was not made until after verdict, and there is no showing that plaintiff did not have knowledge of the fact before the jury retired. It was, therefore, made too late.

AFFIRMED.