## JAMES GOODACRE v. L. D. SKINNER.

1. MORTGAGE — *Foreclosure — Jury Trial.* In an action to foreclose a mortgage, a surety on the note secured filed an answer that did not state a defense to the action, and demanded a jury trial. *Held,* It was not error in the trial court to refuse a jury trial.

2. ———— *Supplemental Pleadings.* Supplemental pleadings can only be filed by leave of the court, after reasonable notice.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Bentley & Ferguson,* and *Dale & Wall,* for plaintiff in error.
*Harris & Vermilion,* for defendant in error.

Opinion by SIMPSON, C.: Skinner commenced an action in the district court of Sedgwick county on a promissory note for $2,000, signed by J. C. Brunton and wife and Albert Law, and indorsed by James Goodacre — who did not write his name but made his mark — bearing interest at the rate of 12 per cent. per annum after maturity, the interest to be computed semi-annually, and to become principal after each semi-annual date; containing also these provisions:

"The sureties, guarantors and indorsers on this note severally agree and do hereby waive demand or presentation of this note for payment to the makers hereof, and waive protest and notice of protest; and do hereby grant to any holder of this note the right to grant extensions on this note to makers without notice to them or either of them, hereby ratifying such extensions and remaining bound on this note as if no extension had been obtained. All such extensions in the aggregate not to be longer than one year from the maturity of the note."

This instrument was secured by a mortgage executed by Brunton and wife on real property situate in Sedgwick county, containing among other provisions one that the buildings on mortgaged premises should be insured, and in case of loss the insurance should be paid to the mortgagee, if mortgage should be due, or become a trust fund for payment if not due, or

should be used in rebuilding. Brunton and wife and Law made default. Goodacre filed an answer, admitting he signed the note as claimed, but alleged there was due only the sum of $2,000; that he signed the note as surety for Brunton; that no diligence had been used by the plaintiff in the collection of the note; that Brunton was permitted to remove property of the value of $1,000 and five horses of the value of $700 from the county of Sedgwick, after the plaintiff was notified that the said Brunton was about to remove said property, and this after the indebtedness had accrued, to wit, on the 1st day of August, 1887. He further alleged that the payment of said note was not demanded of Brunton or of the defendant Law within a reasonable time after the maturity of the same, and that this defendant was not notified of the default of the principals on said note, or of the protest of the same; that he is unskilled in business affairs, and was, prior to the commencement of this suit, wholly ignorant of any other form of a promissory note than the most simple form; that he is unable to read or write, and has to rely on others to explain to him the contents of written or printed instruments; that at the time of the execution of said note the said plaintiff was present, and the defendant relied upon the plaintiff to inform him of the contents of said instrument, and that the plaintiff wholly failed and neglected to explain or read to the defendant all parts of the note in addition to the usual short form of promissory notes; that the plaintiff did state to this defendant that it was a note for $2,000, payable in 90 days, whereby this defendant was misled by plaintiff as to his obligation upon said note, and that all the clauses of said note in addition to the usual short form are void as against this defendant. This answer was verified and filed on the 19th day of August, 1887, this action being commenced on the 20th day of July of the same year. The plaintiff filed a reply to the answer of Goodacre that contained only a general denial. This was all of the pleadings.

The case was called for trial on the 29th day of May, 1888, after having been pending for a year, and the defendant, Good-

acre, demanded a jury to try the issues in said cause. The trial court refused to order a jury, to which ruling exceptions were saved. Goodacre, through his counsel, then asked leave of the court to amend his answer, by adding thereto after the word "suit," on line 13, these words: "Whereby said defendant has been prejudiced, and is damaged, and has been unable to proceed against the said Brunton to prevent him from removing his property out of the jurisdiction of this court, and disposing of the same for the purpose and with the intent and to the effect of cheating, hindering and delaying his creditors in the collection of their debts; that the said Brunton is now insolvent, and that nothing can be made off him by execution; and that if, at the time said note had become due, due diligence had been pursued in the collection of the said note, that it could have been made off of said Brunton." The court refused leave to amend the answer, and to this ruling exceptions were duly taken. Goodacre then filed a written motion for leave to file a supplemental answer, as follows:

"Now comes the defendant, John Goodacre, and asks leave of the court to file a supplementary answer in the said cause, alleging the following facts which have occurred since the filing of the original answer of this defendant in this case, to wit: That on, to wit, the 1st day of May, 1888, there was and had been a long time prior to the commencement of this suit a mill situated on the immediate premises described in plaintiff's petition, of the value of, to wit, $3,000; that on said 1st day of May, 1888, the said mill was by fire totally destroyed; that the said defendants Law and Brunton have been in default in this action ever since the answer day therein, and that this defendant has frequently requested the said plaintiff, during and at each of the last two terms of said court before this one, to take judgment as and upon the default against said defendants Law and Brunton, and to foreclose their said mortgage upon the said property, to have the said property sold to satisfy the said debt, which request the said plaintiff has refused to grant; that by reason of the above premises, the said security on the said note, to wit, the said real property mentioned in plaintiff's petition has been greatly depreciated in value, and that by reason of the negligence of the said plaintiff in the

37 — 47 KAS.

prosecution of this case as against the said defendants Brunton and Law; that if the said mortgage had been foreclosed with due diligence, that the said property was amply sufficient to have satisfied the said note; that the said Brunton is now insolvent, and that at the time of the commencement of this action he was solvent; whereby the defendant prays judgment for costs."

The motion was overruled, and exceptions were noted.

"It is asked in open court by and between the parties to this suit that said application be duly verified, and the defendant now asks time to give them such notice as the court may deem sufficient, on the presentation of this motion to the court; to which plaintiff objects, and the court denies application to make further showing. Whereupon attorney for defendant, Mr. Bentley, interrogates Mr. Vermilion, attorney for plaintiff, as follows: 'Mr. Vermilion, I want to ask you if one of the grounds of your objection to the consideration of this motion is that you have not had sufficient notice of it?' A. 'That is one of them, and I object on all other grounds.' Defendant asks time to give plaintiff sufficient notice of this application, and asks to make a showing in court of the fact, in addition to the facts I have already given in here in an answer sworn to, that my client is unskilled and unable to read or write, also the fact that I was not aware of the fact that the mill had burned down until this morning; to which plaintiff objects, and the court denies the request, exception being duly noted by defendant. The court requires the parties to proceed to the trial of the case. Plaintiff in open court consents to take judgment for the amount due on indebtedness claimed in plaintiff's petition, $2,000, and interest from the 20th day of January, 1887; and thereafter the plaintiff also produces his original note and mortgage."

Skinner was then called as a witness, and on being asked a question, the attorneys of Goodacre objected to any evidence until after a jury had been duly impaneled to try the cause. This objection was overruled, and excepted to. The examination of Skinner in chief and on cross-examination by the attorneys of Goodacre was then proceeded with, and at its conclusion the plaintiff rested. Goodacre was then sworn and offered as a witness for the defendant. The plaintiff's attorneys objected to the introduction of any evidence for the de-

fendant because there is no defense pleaded in the answer. This objection was sustained, and duly excepted to, and final judgment rendered for Skinner for $2,329.60, and for the sale of the mortgaged premises. Goodacre brings the case here for review.

I. The principal error complained of is the refusal of the trial court to impanel a jury to try the cause, at the demand of Goodacre. If Goodacre's answer did not state a cause of defense, there was no issue for a jury to try. We think his original answer did not state a defense to the action. Goodacre signed the note on the back thereof at the time of its execution, and before its delivery to Skinner; and so far as the face of the note is concerned he was a guarantor, but he avers in his answer that really he was surety for Brunton; but as surety he waived demand, protest and notice of protest (if necessary), and extension of time to the makers, not exceeding one year. The note he signed as surety for Brunton was secured by a mortgage on real property belonging to Brunton; and under such conditions, if Brunton was removing and disposing of his personal property, and rendering himself unable to pay the note, the surety, and not Skinner, ought to have invoked the aid of the law. His alleged defense that he was unskilled in business affairs, and ignorant of any form of promissory note but the short form in common use, and that at the time of the execution of said note the plaintiff was present, etc., does not allege fraud on the part of the plaintiff. He admits the execution of the note, and that $2,000 was due on it, and judgment for that amount, with interest, was rendered. If he was a surety, he was not entitled to demand protest and notice thereof. Neither does the delay in bringing suit release him, as has been decided recently by this court in *Ingels v. Sutliff*, 36 Kas. 444. There being no defense pleaded in the original answer, the trial court did not err in refusing a jury trial.

II. The proposed amendment to the answer came very late, and did not create an issue if allowed, and no error follows the action of the court in refusing to allow it. The applica-

tion to file a supplemental answer after a case is called for trial requires a very strong showing to rebut an irresistible inference. Supplemental pleadings can only be allowed on notice, and as the issues made up might be subject to material change by the facts occurring after issue joined, the supplemental pleading ought to be offered within a reasonable time after the occurrence of the fact that makes it necessary. There is absolutely no legal showing in this record for the filing of a supplemental answer.

III. The last contention is, that the court improperly overruled the motion for a new trial on the ground of newly-discovered evidence. The affidavit of Goodacre, if uncontradicted, would not have been sufficient to have authorized a new trial, and as the facts alleged by him were all disproved in the affidavits filed against the motion, the court could not err in refusing to grant a new trial.

If as vigorous fight had been made before the cause was called for trial and the trial commenced as was made after these two things had happened, the record would have probably presented some other questions. We recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.