# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

## COUNTY OF KENNEBEC, JUNE TERM, 1839.

---

## BARNABAS D. HOWARD *vs.* EDWARD S. FOLGER.

After a member of a company of militia has been elected and commissioned as Ensign, although he has not been qualified by taking the oath of office, he is an officer, and cannot legally warn a private to perform militia duty, by leaving a notice.

Where the Captain of a company has been elected and commissioned as Major, he is no longer commander of the company, although he has not been qualified as Major.

Where the record shows, that the exceptions were not filed until after the adjournment of the Court without day, they cannot be considered as part of the record.

But if the exceptions have been returned as part of the record, and the defendant in error has pleaded *in nullo est erratum*, he cannot then make the objection.

It is only when a civil suit *is pending*, that depositions, *not in perpetuam*, are authorized to be taken; and if the opposing party appear before the magistrate without objecting before him to the taking, and put interrogatories to the witness, this does not preclude him from making the objection at the time of trial.

THIS was a writ of error, brought to reverse a judgment of a justice of the peace, in an action brought by *Folger*, as clerk of a company of militia, to recover of *Howard* a fine for not appearing at a review on the fourth of *Oct.* 1837. To prove the warning, the deposition of one *Pishon* was produced, and shew that the only notice to *Howard* of the intended taking, was served upon

him before the commencement of the action; and also, that he was present at the taking, and put interrogatories. *Howard* objected to its admission, but the justice admitted it in evidence. The name of *Pishon*, at the time of the warning, was upon the roll of the company as Ensign, but not as a non-commissioned officer or private; and he had then been elected and commissioned as Ensign, but had not been qualified as such. His testimony alone was relied on to prove the notice to *Howard*, and he stated that it was given by him. Objection was made, that no legal warning had been proved, but the justice overruled the objection. The company was ordered out by the Lieutenant as commanding officer. To show a vacancy in the office of Captain, it was proved that before that time, the Captain had been elected and commissioned as Major, but had not been qualified. The facts relative to the time and manner of filing the exceptions, and the pleadings on the writ of error, are sufficiently noticed in the opinion. The facts and arguments of counsel bearing on several other points are not given, as the judgment was reversed, without deciding on them.

*McCobb*, for the plaintiff in error, contended:

1. The deposition was improperly admitted. Notice to attend at the taking of the deposition, given before the suit, is legally no notice. Besides, the authority to take the deposition did not exist, and the proceeding is wholly void. No appearance can cure it. *Amory* v. *Fellowes*, 5 *Mass. R.* 219; *Clement* v. *Durgin*, 5 *Greenl.* 9; *Talbot* v. *Clark*, 8 *Pick.* 51.

2. The militia act, *stat.* 1834, *c.* 121, § 21, requires the notice to be given by a non-commissioned officer or private, and makes such only liable for disobeying an order to warn. The warning by the Ensign was necessarily without authority, and not binding upon any one.

3. If it be said, that this man was not Ensign, because *not qualified*, then the company was not legally ordered to perform militia duty. There was no vacancy in the office of Captain, until the right to act as Major existed. Until he was qualified as Major, he remained Captain. *Chapman* v. *Shaw*, 3 *Greenl.* 372.

As to the objection now made, that the case is not properly before the Court, it comes too late. He cannot say there is no record, after having pleaded, that there is no error in the record. The

record is sent by the justice as his record, and this Court cannot inquire when it was made up. The records of all Courts are usu-ally made up after the Court adjourns. 1 *Salk.* 270.

*Vose & Lancaster*, for *Folger*, argued, that the exceptions were not tendered in season, as the Court had adjourned long before its seal was affixed to them, and could not be considered as part of the record. *Stat.* 13 *Edw.* 1, *c.* 31 ; *Colley* v. *Merrill*, 6 *Greenl.* 50. It is a sufficient answer to the objection to the deposition, that *Howard* was present and put interrogatories. If a qualifica-tion be necessary to make the man Ensign, then it is admitted that the person warning had authority. But the warning is good, if the notice be seasonably left by an officer, or even by a stranger. *Com-monwealth* v. *Cutter*, 8 *Mass. R.* 279. The company was pro-perly ordered out by the Lieutenant, as the moment the Captain had been chosen and had accepted as Major, he was no longer commander of the company, and the vacancy might be filled, if he was never qualified as Major.

The case was continued for advisement, and the opinion of the Court subsequently given by

SHEPLEY J. — The defendant in error objects, that the record is *not regularly before this Court*, because the bill of exceptions was not seasonably tendered and allowed. It appears, that the trial before the magistrate took place on the 25th of *November*, 1837. There is no notice of any continuance, and the certificate of the magistrate upon the bill of exceptions states, that notice was given on the day of trial, that exceptions would be filed, and that he allowed and sealed them on the 14th of *May*, 1838.

It sometimes happens in practice, that the bill of exceptions is not completed until after the close of the session, but it should bear date as of the term, and is supposed to have been then made up in like manner as the records of the Court are, although written out afterward. The magistrate has not in this case conformed to that practice ; and the exceptions are irregularly here, unless the de-fendant is precluded from making that objection. The effect of the plea *in nullo est erratum* is, that this record as it is, is without error, and the party cannot allege that there is none before the Court. *Meredith* v. *Davies*, 1 *Salk.* 270. It is said, that the

plea does not bind the Court, but the Court cannot be expected to seize upon such objections as arise out of a want of conformity to a well known practice of the courts.

The Captain of the company having been elected Major was commissioned as such on the 22d of *August,* 1837, but was not qualified to act by taking the oaths until the 4th of the next *October ;* and the plaintiff in error contends, that the company was not legally ordered upon duty by the Lieutenant, because there was not a vacancy in the office of Captain. The act of *March* 8, 1834, § 10, provides, that' " every person who shall be elected to any office as aforesaid and shall not within one hour after he shall have been notified of his election by the officer presiding thereat (excepting Major Generals)· signify his acceptance thereof, shall be considered as declining to serve, and orders shall be forthwith issued for a new choice." The Captain must therefore have accepted very soon after he was elected, or he could not have been commissioned ; and by being elected and accepting the office of Major he vacated that of Captain. This case differs from the case of *Chapman* v. *Shaw,* 3 *Greenl.* 372. The question there arose upon the *exercise* of powers belonging to a different department of the government, under *article* 3, § 2 of the constitution. Before he could *exercise* the duties of a justice of the peace he must have taken the requisite oaths, and therefore the decision was, that one office was not vacated until he could exercise the other, being qualified for that purpose.

For like reasons, it must be inferred that *Pishon* had accepted the office of Ensign, otherwise he could not have been commissioned as such ; and he had been commissioned before the warrant issued to him to warn the men. The same act, § 21, provides that the commanding officer of the company " shall issue his orders to some one or more of the non-commissioned officers or privates of his company requiring him or them to notify the men." The testimony of such non-commissioned officer or private, " unless invalidated by other evidence," is made conclusive, that due notice was given. And he is subjected to a penalty of not less than one, or more than three dollars for each one, whom he shall neglect or refuse to warn. It appears to have been the intention of the legislature to appropriate the duties in such a manner, and to attach such penalties to the

Howard *v.* Folger.

non-performance of them as effectually to compel those upon whom the duty was imposed to order out and warn the men. No commissioned officer's testimony is made equally effectual to prove the notice; nor is it made his duty to give the notice, nor is he subjected to any penalty or delinquency for neglecting or refusing to do it. If the commander may issue his warrant to a commissioned officer, who will consent to assume the performance of the duty, the company may fail to be called out and yet no one be liable to be punished for any neglect, and thus the intention of the legislature would be defeated. It is important that no such irregularities, as would impair the efficiency of the militia law, and allow a practice, by which the officers and men might evade it with impunity, should be allowed. In the case of the *Commonwealth* v. *Cutter,* 8 *Mass. R.* 279, the non-commissioned officer would have been responsible for the neglect, and the course permitted did not violate the spirit of the law or permit it to be evaded with impunity. The warrant must be regarded in this case as illegally issued to a commissioned officer, contrary to the letter and spirit of the law; and the notices under it were unauthorized. It is only when a civil suit is pending, that depositions not *in perpetuam* are authorized to be taken. Appearing and putting interrogatories to the witness waives only objections to the form of the question, or the manner of examination, if not taken at the time, but does not preclude objections to the legal character of the testimony. *Polleys* v. *Ocean Ins. Co.* 14 *Maine R.* 141. The deposition was not legal testimony. As the judgment must be reversed for these causes, it is not necessary to decide upon the other errors assigned.

*Judgment reversed.*