### JOSEPH H. MILLER V. SAMUEL FREY.

FILED OCTOBER 21, 1896. No. 6671.

1. **Depositions:** NOTICE: NAMES OF WITNESSES. Under our statute requiring a notice to take depositions to "specify the names of witnesses to be examined," the deposition of "G. A. Hollem" cannot be taken under a notice specifying the name of "Gus Hahn" or "Gus Halin," such names not being *idem sonans.*

2. **Physicians and Surgeons:** MALPRACTICE: MEASURE OF DAMAGES. In an action against a surgeon for malpractice in setting and trea'ing a broken arm, the measure of damages is the damage accruing to the plaintiff in excess of that which would have accrued natu:ally from the breaking of his arm had he been treated with that de:re: of skill ordinarily possessed by surgeons. It is not the damage resulting from the breaking of the arm.

ERROR from the district court of Butler county.  Tried below before WHEELER, J.

*W. W. Stowell* and *Steele Bros.*, for plaintiff in error.

*Evans & Hale* and *Matt Miller*, contra.

IRVINE, C.

Frey sued Miller, a practicing physician, for damages alleged to have been caused by malpractice in setting and treating a broken arm of the plaintiff.  He recovered a judgment and Miller prosecutes these proceedings in error.  Of the numerous errors assigned we shall consider only two.  The plaintiff, prior to the trial, took the deposition of G. A. Hollem.  Before the trial the defendant moved to suppress this deposition on the ground that the name of the witness was not stated in the notice.  This motion was overruled and the defendant excepted.  When the deposition was offered in evidence he again objected on the same ground.  The objection was overruled and he again excepted.  Section 378 of the Code of Civil Procedure provides, among other things, that a notice to take depositions shall "specify the names of the witnesses to be examined."  The notice in this case was that on a day named, and at a place specified, the plaintiff would take the depositions of "D. M. Frey and Gus Hahn," or "Gus Halin."  From the transcript before us it is somewhat difficult to decipher the name, but it is plainly not G. A. Hollem, whose deposition was taken, or anything which could be considered *idem sonans* with that name.  We do not hold that in the notice to take a deposition the name of the witness must be stated with orthographical accuracy; but the rule of *idem sonans* applied in other departments of the law should prevail, and there was certainly nothing in the notice served to apprise the defendant that it was the intention to take the deposition of G. A. Hollem, either by a correct writing of that name or by the use of letters indicating a name hav-

ing the same or similar pronunciation. The motion to suppress the deposition should have been sustained.

On the measure of damages the court gave the following instruction: "If the plaintiff has shown himself entitled to recover in this case under the evidence and instructions of the court, he can recover only the actual damages that he has sustained by reason of the injury complained of; that is, such damages as will compensate or pay him for the injury he has sustained. But in estimating the compensatory damages in cases of this nature, all the consequences of the injury are to be taken into consideration, future as well as past; the plaintiff is therefore entitled to recover all damages which he has suffered up to the time of the trial, and for all damages which it is reasonably probable that he will sustain in the future, not to exceed the sum claimed in his petition, which has before been estimated to be $5,000. In estimating the amount of such damages, the elements that the jury are entitled to take into account consist of all effects of the injury complained of; consisting of personal inconvenience, all bodily or mental suffering, disfigurements or permanent annoyance which is liable to be caused by the deformity resulting from the injury complained of; and the permanent impairment of the plaintiff's capacity or power to earn money in the future. In determining this last element you are at liberty to consider the health, condition, and earning capacity of the plaintiff before the injury complained of, as compared with his present condition in consequence of the injury, and how far that injury is calculated to disable the plaintiff from securing employment at his usual vocation or calling, or receiving money thereat, or from engaging in those pursuits or callings for which in the absence of the injury he would have been qualified; you may consider also the age of the plaintiff, his present health, and his reasonable expectancy of life." It will be observed that several times in this instruction the court makes the test the loss sustained by reason of "the

injury complained of." Elsewhere in the charge the broken arm is referred to in similar terms as "the injury." This instruction was misleading and erroneous. If the defendant was guilty of malpractice, he was not liable for all the injuries resulting from the breaking of plaintiff's arm. He was liable only for such damages as resulted from his failure to exercise that degree of care and skill ordinarily exercised and possessed by physicians and surgeons in the treatment of such cases. That plaintiff suffered damages by reason of the breaking of his arm was indisputable; that some damages would have resulted from that injury in spite of the most skillful treatment is clearly unquestionable. The defendant, no matter how unskillful he may have been, was not liable for all the injuries resulting from the breaking of the arm. He was only liable for those resulting from malpractice; that is, for the damages accruing to plaintiff on account of the injury in excess of those which would have accrued to him naturally from the breaking of his arm had he been treated with that degree of skill and care ordinarily possessed by physicians and surgeons.

For the errors discussed the judgment must be reversed. Other questions presented by the record may not recur and have not been closely examined and are not decided.

REVERSED AND REMANDED.

POST, C. J., not sitting.