## SPOTTSWOOD D. BURNETT, Appellant, v. CHARLES W. PRINCE.

### Division Two, July 27, 1917.

1. **ABSTRACT: Judgment for Defendant.** An abstract of the judgment in the words: "March 4, 1914. Jury returned a verdict for defendant and judgment accordingly for defendant" sufficiently describes a judgment for defendant for purposes of appeal.

2. ————: **Filing Bill of Exceptions.** If the abstract of the record proper shows appellant was granted leave to file a bill of exceptions within a designated time and that before the expiration of that time the bill was allowed and filed, it shows that the bill was "duly filed" within the meaning of those words as used in Rule 31.

3. **WAIVER: Proof of Necessary Averment.** The plaintiff may waive proof of a necessary averment in defendant's answer by trying the case as if the proof had been made.

4. **DEPOSITION: Notice.** Authority to take depositions is purely statutory, and while they may be taken conditionally, no officer, who is without a commission issued out of a court of record, has authority to take testimony or compel the attendance of witnesses by issuing subpœnas until the proper service of a proper notice of the time and place.

5. ————: **Subpoena Before Notice: Subsequent Service.** A subpoena issued before notice to take deposition is served, is issued without authority. And being unauthorized when issued, a subsequent service of the notice and subpoena at the same time will not give it validity.

6. ————: ————: **False Imprisonment.** A person who issues a writ for the arrest of another is liable for an action for false imprisonment if he is without authority to issue it. So that a notary who issues a subpoena for a witness before service of notice to take depositions, is without authority to issue a writ of at-

tachment for such witness on his failure to obey the subpoena, and is liable in an action for false arrest if the witness is attached.

7. ———: **Notice Naming Wrong Place.** A notice to take depositions in a suit pending in Independence, which names Kansas City instead of Independence as the place where the suit is pending, will not authorize the officer to enforce the attendance of witnesses. The statute makes the courts at the two places distinct and separate courts.

8. ———: ———: **Mitigation: Nonsuit.** Knowledge by the witness that the notice to take depositions wrongfully named Kansas City instead of Independence as the place where the suit is pending and a concealment of that knowledge for the purpose of creating a damage suit, go to mitigation of damages in a suit for false arrest for failure to obey the subpoena, but will not authorize a nonsuit.

9. ———: ———: **Waiver.** A signing of an acknowledgment printed on the notice to take deposition, to the effect that defendant acknowledges the service of notice, waives the issue of *dedimus* and all exceptions to time, etc., has no more effect than its terms import. It does not authorize the taking of depositions in a suit filed in a different place from the one mentioned in the notice. Such waiver would not confer validity on a void subpoena issued before the waiver.

Appeal from Jackson Circuit Court.—*Hon. Daniel E. Bird,* Judge.

REVERSED AND REMANDED.

*J. D. Shewalter* for appellant.

(1) Any illegal restraint of another constitutes false imprisonment. Boeger v. Langenberg, 97 Mo. 390; McCaskey v. Garnett, 91 Mo. App. 354. But when plaintiff showed his imprisonment defendant "may justify my showing legal process but he must plead it." Thompson v. Buchholz, 107 Mo. App. 121. The amended answer so far from showing legal process as a defense, alleged facts which show that the process was illegal. This alleged a suit in another court and also a subpoena to appear which was void for the reason that it was issued before any notice, even if it had been issued in a pending suit. Ex parte Canada, 151 Mo. App. 710; Millspaugh v. Railroad, 138 Mo. App. 31. (2) But the process on which

the defendant was arrested was wholly illegal and the arrest thereunder was false imprisonment.

*Glen Sherman, J. E. Westfall* and *J. N. Beery* for respondent.

(1) The appeal ought to be dismissed for the reason that the pamphlet purporting to contain the record proper, the bill of exceptions, statement, points and authorities, brief and argument are so commingled as to render it practically impossible to intelligently distinguish one part from the other. Royal v. Railroad, 190 S. W. 573. (2) The pamphlet purporting to contain an abstract of the record proper fails to show the term of court, if any, when the motion for a new trial was ruled upon, for the nature of the motion for a new trial. True, the pretended abstract of the record refers to the bill of exceptions, but this court cannot be referred to the bill of exceptions. Under the rules of this court the abstract of the record proper shall "set forth so much of the record as is necessary to a full and complete understanding of all the questions presented to this court for decision." Coleman v. Roberts, 214 Mo. 634; Sonnenfeld v. Rosenthal, 247 Mo. 265; Strother v. Barrow, 246 Mo. 241; Steel Co. v. Cottengin, 179 Mo. App. 397; Merrill v. Trust Co., 46 Mo. App. 242. (3) The sufficiency of the evidence to warrant the verdict and judgment is not complained of by the appellant in his assignment of errors or points and authorities or in the argument, it is taken as confessed that the point so raised is not well taken and is abandoned by the appellant. Crowell v. Linseed Co., 255 Mo. 305; Pale v. Insurance Co., 173 Mo. App. 485; Meredith v. Whitlock, 173 Mo. App. 542. (4) The notice was sufficient. The notice gave the title of the case, the court in which the cause was pending, the time when and the place where the depositions would be taken. Moreover, the defendant agreed in writing that the depositions may be taken. Sec. 6392, R. S. 1909; Ornisby v. Granby, 48 Vt. 44; Grocery Co. v. Stevens, 65 Ill. App. 609; Murray v. Phillips, 59 Ind. 56; Lumber Co. v. Fidelity & Deposit Co., 161 Col. 397.

The notice given for the taking of the depositions contains this memorandum, signed by the appellant. Delisle v. McGillivary, 24 Mo. App. 680; Seymour v. Farrell, 51 Mo. 97. (5) There is only one circuit court of Jackson County. "The Sixteenth Judicial Circuit shall consist of the county of Jackson." Sec. 3995, R. S. 1909. (6) The clerical error of describing the circuit court of Jackson County, as being at Kansas City, is merely unnecessary description, and may be rejected; there being only one circuit court, legally known as the Sixteenth Judicial Circuit Court consisting of Jackson County, such description could not possibly have misled the appellant. Rand v. Dodge, 17 N. H. 354; Thompson v. Stewart, 3 Conn. 180.

WHITE, C.—The suit is for damages for false imprisonment, brought in the Jackson County Circuit Court. On the trial of the cause, March 4, 1914, after all the evidence had been introduced by both the plaintiff and the defendant, the court instructed the jury to return a verdict for the defendant.

On the 14th of November, 1907, the plaintiff herein was arrested on an attachment issued by W. W. Calvin, notary public, on account of his failure to appear on that day and give his deposition in a case pending in the circuit court of Jackson County, Independence Division, wherein B. C. Boyles was the plaintiff, and the plaintiff here, S. D. Burnett, was the defendant. Plaintiff was arrested at his farm, some four or five miles from Independence, and taken by the constable under the attachment to the office of Calvin in Kansas City where he arrived about five or six o'clock p. m. The notary discharged him upon being informed that the notice to take depositions was irregular in particulars explained below. This arrest furnished ground for the cause of action charged in the petition.

The answer alleges that a suit was filed in the case of Boyles v. Burnett on the 11th day of November, 1907, in the circuit court of Jackson County, at Independence, and on the same day a notice was served on the plain-

tiff herein that depositions would be taken in the cause on the 14th of November, 1907; but by a mistake in writing the notice, it recited that the cause was pending in Kansas City instead of Independence; that on the same day, November 11th, this plaintiff was served with subpoena to appear on the 14th before the notary named therein and give his deposition in said cause; summons was served on the plaintiff herein on the 12th day of November, 1907, whereby he became apprised of the mistake in the notice to take depositions, but concealed that knowledge from the defendant herein for the purpose of creating a damage suit, and plaintiff would not have been molested if he had revealed the fact of such mistake.

The plaintiff claimed, as shown by his reply and his evidence introduced at the trial, that the suit on which the notice was served was not filed until November 12th, and therefore when the notice to take depositions was served upon him there was no suit pending corresponding to the notice, for which reason he was not bound to appear. It was further claimed by the defendant that inasmuch as the notice to take depositions stated that the depositions were to be taken in a suit pending in Jackson County at Kansas City, it was not notice of the suit actually filed, even if it had been filed at the time notice was served, because that suit was filed at Independence instead of Kansas City.

The notice to take depositions as copied in the record contains the mistake mentioned, but the subpoena alleged to have been served at the same time was not introduced by either party, nor any offer made by either party to show that it was lost or to prove its contents. The only evidence of the service of a subponea on November 11th was that while plaintiff was on the stand, after stating that he had received the notice to take depositions, he was asked:

"Q. At the same time you got a subpoena to appear at Mr. Prince's office to give your deposition on the 14th day of November, didn't you? A. Yes, sir."

As further justification, apparently, for issuing the attachment, another supoena was introduced in evidence dated November 13th. This subpoena was placed in the hands of the constable at the same time he received the attachment on the 14th, and he took both the subpoena and attachment and served the subpoena at the same time he made the arrest in the afternoon of the 14th.

To prove the suit was filed November 11th, defendant offered the petition in the case of Boyles v. Burnett, showing the rubber stamp file mark as follows: "Filed Nov. 11, 1907, Oscar Hochland, Clerk, by A. R. White, Deputy."

On the part of plaintiff two deputy clerks were introduced and identified books kept in the office of the clerk of the circuit court which purported to contain entries made when cases were filed. In each of these some entry in relation to filing the case of Boyles v. Burnett, No. 18,750, appears under date of November 12, 1907. These books also showed several other entries on the day's business of November 12th, before the entries in relation to the case of Boyles v. Burnett. The two deputy clerks who testified to these matters explained that the rubber filing stamp had an arrangement by which they would move up the date each morning in order to change it from the previous day and stated that they would sometimes forget to change it in the morning until after they had used the stamp; that the stamped date on the petition, "November 11, 1907," possibly was made in that way on the morning of the 12th before they discovered it had not been moved up, and that according to this record the suit must have been filed on November 12th. The deputy, A. R. White, who stamped the file mark on the petition as of the date of the 11th and in whose handwriting appeared the entry on one of the books, stated he could not remember the filing of the case, but thought that the file mark was correct.

I. Almost the entire space in respondent's brief is taken up with numerous objections to the record. Because these objections are urged so persistently we notice a few of them as follows:

*Abstract.*

It is asserted that the abstract of the record proper fails to abstract any final judgment rendered. The abstract of the record proper shows the following:

"March 4, 1914. Jury returned verdict for defendant and judgment accordingly for the defendant."

This abstracts a judgment for defendant as fully as need be. If it were a judgment for plaintiff some further particulars as to the character of the judgment might be necessary, but being a judgment for the defendant this describes its character.

It is complained that the record proper fails to show that a motion for new trial was ruled upon "and the nature of the motion." After reciting the filing of the motion for new trial in due time on March 7, 1914, there follows this entry: "May 2nd, 1914, motion for new trial overruled." This record shows the motion was ruled on and the "nature" of the motion—it was a motion for new trial.

It is claimed that the record proper fails to show that any bill of exceptions was duly filed. The recital in the abstract of the record proper shows the following:

"May 2, 1914. Plaintiff granted leave to file bill of exceptions on or before November 1, 1914.

"October 31, 1914. Bill of exceptions allowed and filed."

It is urged by respondents that in the absence of a formal entry showing the filing of the bill of exceptions, the recital should contain the exact words required by Rule 31 of this court, which provides that it will be sufficient if the abstract states the bill of exceptions was "duly filed." Respondent lays immense emphasis upon the word "duly." One of the dictionary meanings of "duly" is "timely." Now, the word "filed" has a certain significance and if the bill of exceptions was "filed," and filed within the time provided, then it is "duly filed."

Other objections of character similar to the above do not require discussion.

II. The defendant in answer to the allegations of the petition alleges a subpoena was issued and served on the 11th of November, which the plaintiff herein disobeyed and justified the issuance of the writ of attachment. It was necessary for the defendant to support that allegation by proof. None was offered; the alleged subpoena was not produced nor its loss accounted for, nor any evidence of its contents offered. The officer who served the notice to take depositions was not a witness. The only evidence of the service of a subpoena is in the passage from the testimony of the plaintiff quoted above. The statement he made does not designate nor identify the case in which the subpoena was issued. The appellant, however, seems to have waived that irregularity, and without requiring proof of the existence and formality of a subpoena in the proper case tried the case as if the subpoena had been issued and served. Therefore, for the purpose of this discussion, we shall have to assume that a subpoena, correct in form, was issued by the notary and served at the same time as the notice, on November 11th.

*Waiver of Proof.*

III. Courts at common law had no inherent power to authorize the taking of depositions. A court of chancery tried cases upon depositions and, upon a petition filed by a party to a pending cause, could issue a commission authorizing some person to take testimony in the form of depositions. In our courts such authority is purely statutory. The party desiring depositions may take them "conditionally." An officer taking depositions in a cause acts in a judicial capacity, and his authority is derived from the court in which the cause is pending; by conformity to the statute certain officials named in section 6387, Revised Statutes 1909, may become temporary substitutes for the court, and as such take testimony

*Deposition: Subpoena Before Notice.*

in the form of depositions. [Swink v. Anthony, 96 Mo. App. l. c. 424; Stirneman v. Smith, 100 Fed. l. c. 603; Ex parte McKee, 18 Mo. 599.] The statute is strictly construed. [Patterson v. Fagan, 38 Mo. 70; Ex parte Mallinkrodt, 20 Mo. 493.]

In depositions to be taken out of the State, before authority is given a commission is necessary, unless waived. In taking depositions of witnesses within the State no commission is necessary except under conditions mentioned in section 6390. But always, whether a commission issues or not, the notice is necessary before any of the officers named in section 6387 can take the testimony or enforce the attendance of witnesses, or perform any function in connection with the taking of depositions, such as issuing subpoenas.

A notary or justice of the peace has no power in the premises *until* the statute is complied with. It is the proper service of a proper notice of the time and place which vests the officer with authority to take testimony and to compel the attendance of witnesses by *issuing subpoenas*. [Secs. 6392, 6394-6, and 6404, R. S. 1909; Tiede v. Fuhr, 264 Mo. l. c. 628; In the Matter of Whicker, 187 Mo. App. l. c. 100.]

Under section 6404 the officer is authorized and required to take depositions "in pursuance of this article, *or* by virtue of any commission issuing out of any court of record," and "shall have power to issue subpoenas for witnesses to appear and testify, and to compel their attendance," etc. He must have authority either by the commission issued to him or "in pursuance of this article" to-wit, by the service of notice. The issuance of a commission in the one case gives him authority as the service of the notice does in the other. The service of the notice is the summary method of vesting authority in the certain officers named in the statute to perform the functions of the court, otherwise a special commission would be required.

At the time the attachment was served in this case the officer had the benefit of two subpoenas, one of them

issued November 13th and served a minute before the arrest. It is not claimed that disobedience of that subpoena was sufficient to authorize the arrest because it had not been served when the attachment was *issued*. The other subpoena was served on the 11th, but at the *same time that the notice was served*. It was issued *before* the notice was served and consequently at a time when the notary had no authority to issue it.

In the Tiede case, supra, the notice was void because it gave an impossible date, and the court in holdink void the subpoena afterward issued, said: "In such case in the absence of authority [by service of notice] to take depositions there can be no power to *subpoena* and attach witnesses whose depositions are desired."

In the Whicker case, supra, the notice was served on the wrong party, and the Kansas City Court of Appeals said (187 Mo. App. l. c. 101): "The notary was without authority to take depositions, and consequently was without authority *to subpoena* Whicker."

The respondent apparently conceded that the notary was without power to take evidence and issue an attachment before the notice was served, but seemed to think he could *issue a subpoena* and that it would be good if it were merely *served* after the notice. He sent the notice and subpoena along together, with a person not an officer, and that person after serving the notice at the same time served the subpoena. The subpoena was unauthorized when issued, and the subsequent service of the notice could not give it validity. It is the same condition as a summons issued in a case before the petition is filed, it is void process. [Hust v. Conn. 12 Ind. 257; Gearhart v. Olmstead, 37 Ky. 441.] Void process is defined to be such as was issued without power in the court to award it, or which the court has not acquired jurisdiction to issue in the particular case. [Bryan v. Congdon, 86 Fed. 221.]

IV.  An action for false imprisonment will not lie against an officer who makes an arrest upon a writ, regular and fair on its face and issued by a court having jurisdiction. [Emery v. Hapgood, 66 Am. Dec. 459; Wehmeyer v. Mulvihill, 150 Mo. App. l. c. 205.] But the formal regularity of the writ does not protect the person who causes it issuance. When a private person causes a writ to be issued for the arrest of another he is bound to see that the record of the court which issues it furnishes authority for the writ. [Tiede v. Fuhr, 264 Mo. l. c. 629; McCaskey v. Garrett, 91 Mo. App. 354; Boeger v. Langenberg, 97 Mo. 390.]

**False Arrest.**

V.  Whether or not the suit of Boyles v. Burnett was filed on the 11th or 12th of November is a question of fact which may or may not be necessary to settle in another trial. If nothing further is shown regarding the issuance of the subpoena than indictated above it will not be necessary. However, it was error to nonsuit the plaintiff on the evidence introduced, instead of submitting that issue to the jury.

**Nonsuit.**

VI.  The notice naming Kansas City instead of Independence as the place where the suit was pending, on the authority of the Tiede case, did not authorize the notary to enforce the attendance of witnesses. In the Tiede case the witness knew there was a mistake in the notice, for she was served with a subpoena a few minutes afterwards which gave a correct date and proved the intention was to give her notice for taking of the depositions on the same date as the subpoena required her appearance. Nevertheless, such knowledge only went to mitigation of damages.

**Place of Suit Pending.**

The mistake in this case in the notice to take depositions was in the place where the suit was pending. There was no suit pending in Kansas City, but there was a suit pending in Independence. Respondents claim that it is all one court and that the mistake is not a

material one.  Section 4031 provides that the terms of court in the Sixteenth Judicial Circuit shall be held at Independence on certain days and in Kansas City on certain other days, in the same way that the terms of court are provided in the different counties of a circuit having more than one county.  By the Act of 1905, the Independence Division of the Sixteenth Judicial Circuit was created and a separate judge provided for that court.  [Laws 1905, p. 121.]  Cases are filed in Independence and cases are filed in Kansas City, each as a separate and distinct court.  Notices of the pendency of a suit in one of those places would not be notice of the pendency of a suit in the other place. [Bowyer v. Knapp & Miller, 15 W. Va. 277.]  Depositions taken on such a notice, the other party not appearing, could not be used in evidence.  It is the same in principle as the Tiede case where the mistake in the notice to take depositions referred to the time at which they were to be taken, and in the present case it referred to the place where the suit was pending.

VII. It appears that when the notice to take depositions was served on the plaintiff herein he signed the printed acknowledgment usual in such notices to the effect that he acknowledged the service of notice, waived the *issue* of *dedimus* and exceptions as to time, etc.  Respondent claims that the plaintiff by signing this acknowledgment waived all irregularity, making the notice perfectly good and thereby gave the notary jurisdiction to take depositions.  This waiver, however, has no more effect than its terms import.  It can go no further than the acknowledgment of the service and the waiver of *dedimus,* etc., in the case mentioned in the notice to-wit, a case on the 11th day of November in Kansas City.  It does not enter appearance, nor authorize the taking of depositions in a suit not filed, nor in a suit filed in a different place from the one mentioned.  Notices of this kind and waivers are construed with some strictness and go no further than the letter of the stipulation contemplates.  [Sey-

*Waiver.*

mour v. Farrell, 51 Mo. 95.] A waiver of notice to take depositions would waive the right to question authority to take the deposition in the case named at the time and place, but such waiver would not confer validity on a void subpoena *issued before* the waiver. Subsequent appearances to notices of this character do not cure prior irregularities in a collateral proceeding to procure witnesses. [Oxford Iron Co. v. Quinchett, 44 Ala. 487; Howard v. Folger, 15 Me. 447.]

The judgment is reversed and the cause remanded. *Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. All of the judges concur.