## In re Application of W. F. AVEN.

### Division Two, July 16, 1920.

1. **BOARD OF EQUALIZATION: Power to Compel Production of Books.** The power of the board of equalization of a county to compel the attendance of witnesses and to produce papers is not limited to the specific authority given by Section 11406, Revised Statutes 1909, but is implied in the provisions of Section 11354; and a cashier of a bank cannot refuse to testify and produce the books showing the money on deposit to the credit of taxpayers, on the ground that the board has power to compel his attendance only in case of an appeal from the valuations of an assessor as provided by Sections 11405 and 11406. The board of equalization has power to compel the attendance of witnesses and the production of books, before an appeal from the assessor's valuations is taken, in a matter pending before it which it is by law authorized to investigate.

2. ———: ———: **In Authorized Proceeding: Notice.** A witness can be compelled to appear before the board of equalization of a county only in case a proceeding authorized by law is pending before the board; and under the statute (Sec. 11354, R. S. 1909)

there is no case pending before the board until the assessor has given notice to the board that some person has delivered to him a false list, and thereafter the board has given notice to such person specifying the particulars in which said list is alleged to be false, or such person has appeared and thereby waived notice; and, although the assessor has given the right notice to the board, the board cannot compel a witness to appear and testify or to produce books, unless the board has previously given notice also to the taxpayer charged by the assessor's affidavit with having made a false list, or such taxpayer has appeared and waived notice.

3. ———: ———: **Necessity for Notice.** Notice to a taxpayer that he has been charged by the assessor with returning a false list, with intent to defraud, is a necessary precedent condition to an investigation by the county board of equalization of such charge, and until such notice is given there is no proceeding pending which requires the attendance of witnesses. Provision for notice in tax proceedings, as in all others, is part and parcel of due process of law.

4. ———: ———: **Subpoena: Void Process.** The issuance of a subpoena to a witness to appear before the board of equalization and testify "in a certain matter of investigation now before said board," when there is no proceeding pending before the board which authorized it, is what is termed void process; and though the witness appears and is sworn, he cannot be compelled to testify, and is not in contempt for refusal to testify.

## *Habeas Corpus.*

PETITIONER DISCHARGED.

*W. W. Wood, T. H. Douglas* and *Herman Pufahl* for petitioner.

(1) All statutes for the assessment and collection of revenue must be strictly construed. State ex rel. v. St. Louis Co. Ct., 13 Mo. App. 54; Fowler v. St. Joseph, 37 Mo. App. 238; State ex rel. v. Railroad, 87 Mo. App. 236; State ex rel. v. Hopkins, 87 Mo. App. 519; State ex rel. v. Atchison, 173 Mo. App. 164. (2) Where a statute is penal in its character, it should be strictly construed. Fowler v. St. Joseph, 37 Mo. 238. (3) Notice to the taxpayers was absolutely necessary and essential to give validity to the proceedings. Until notice was given,

the board has no jurisdiction to act and no proceeding was pending before them. Sec. 11354, R. S. 1909; State ex rel. Lemon v. Board of Equalization, 108 Mo. 241; Benton Co. v. Morgan, 163 Mo. 661; State ex rel. v. Spencer, 164 Mo. 48; State ex rel. v. Robinson, 270 Mo. 212; State ex rel. v. Cave, 272 Mo. 653. (4) Even where the statute itself is silent on the question of notice, yet this court has held that notice is essential. Laughlin v. Fairbanks, 8 Mo. 370; Brown v. Weatherby, 70 Mo. 152. (5) The Board of Equalization has power to compel the attendance of witnesses and production of papers only "in relation to any appeal before them." Sec. 11406, R. S. 1909. (a) When a person appears before the board and asks the board to reduce the valuation as returned by the assessor. (b) When a person, the valuation of whose property has been raised by the board, appears and objects to such increase. (c) When the board places omitted property on the assessment rolls, notifies the person and such person appears before the board and protests or objects to such property being listed or placed on the assessment rolls. (d) When the assessor files his written notice under Section 11354, and the board notifies the paprty complained against and sets a day for hearing. Under sub-divisions (c) and (d) written notice to the taxpayers is absolutely essential to give the board jurisdiction over the subject-matter or person. Secs. 11407, 11354, R. S. 1909; In re Sanford, 236 Mo. 665

*J. W. Collins, S. E. Osborn* and *O. O. Brown* for John T. Wynes, Sheriff.

(1) The petitioner in this case was not a party to the matter under investigation. He was a mere witness, and had no personal concern with it. Therefore it was no matter affecting his rights whether any notice was given to any of the parties mentioned in the affidavit. In re Dunn, 19 Mo. App. 261; Ex parte Gfeller, 178 Mo. 264. (2) If notice to the taxpayers were necessary, yet the petitioner waived notice and appeared to the merits

and declined and refused to produce any books or answer questions, but made no objection for want of notice. State ex rel. Lemon v. Buchanan Co. Board, 108 Mo. 235; State ex rel. v. Baker, 170 Mo. 383. (3) In the absence of any showing that notice was not given, if required, (and the record does not show but what notice was given), it will be presumed that the board acted in accordance with the forms of law and faithfully discharged its duty. State ex rel. v. Baker, 170 Mo. 383; State ex rel. Love v. Ry. Co., 101 Mo. 128. (4) While the board is a creature of the statutes yet being a quasi-judicial body it must necessarily have such inherent power as is necessary to its validity. The power to equalize taxes, for which express purpose the board is created, and the power to add omitted property, a power conferred by Sec. 11407, R. S. 1909, necessarily implies the power to examine. And the power to examine implies the power to commit. In re Dunn, 9 Mo. App. 259; Sutherland Stat. Const., sec. 341.

WHITE, C.—The petitioner presented his application to this court for writ of *habeas corpus,* alleging that he was unlawfully deprived of his liberty by John T. Wynes, Sheriff of Cedar County. The petitioner states the circumstances under which his arrest was made, and in that respect agrees with the return of the sheriff as to the facts which led up to and the reasons for the arrest.

The writ of *habeas corpus* was issued and the respondent Wynes made his return thereto on June 14, 1920. The return states that the County Board of Equalization of Cedar County was in session on the 23rd day of April, 1920, and that A. C. Hoerning, assessor of said county, on that day filed with the board his affidavit as required by Section 11354, Revised Statutes 1909, stating that he had good reason to believe that divers taxpayers and citizens of Cedar County, whose names were attached and made a part of the affidavit, had money deposited on time deposit on the 1st day of June, 1919, in the Farmers

Bank of Fairplay and other banking institutions named; that the amount was unknown to the assessor, and that the assessor believed the said persons had given him false lists of their taxable property, with intent to defraud, in that the said persons named in the list stated that they had no money on time deposit in any institution.

This affidavit was made on the 23rd day of April, 1920, and on the same day the Board of Equalization of Cedar County (without notice to the persons mentioned in the assessor's affdavit) issued a *subpoena duces tecum* to W. F. Aven, cashier of the Farmers Bank of Fairplay, ordering him to appear before the said board on the 26th day of April, 1920, and testify in a certain matter of investigation before the board and to produce in evidence his record of time deposits of patrons of the institution of which he was cashier. On the 26th of April Aven appeared before the board of equalization and was duly sworn, but refused to testify or to produce any record of the time deposits of any residents of Cedar County as required by the *subpoena duces tecum*. He refused to answer a question directed to him by the board in which he was asked if the records of his banking institution showed a time certificate belonging to any one of certain persons named in the affidavit of Hoerning, the assessor. Whereupon the board of equalization, on the 26th of April, issued a commitment directing the jailer of Cedar County to commit W. F. Aven to jail until discharged according to law. The commitment recites the facts above stated in relation to the subpoena, the appearance of Aven and refusal to testify or to produce his record. Appended to the return is the record of the board of equalization, setting out *in extenso* the proceedings above mentioned, including the oath of office of the members of the Board of Equalization of Cedar County, a complete list of about 100 persons named in the affidavit of Hoerning, the assessor, and an exact copy of the *subpoena duces tecum,* order of commitment and record of the proceedings of said board. Wherefore it was

averred that by reason of the above proceedings the petitioner is not unlawfully deprived of his liberty.

1. The petitioner claims that the board of equalization had no authority to compel him to testify or to produce books and papers, because it could only cause the

Before Appeal. production of books and papers and the attendance of witnesses in case of an appeal from the valuation of an assessor as provided by Sections 11405 and 11406, Revised Statutes 1909. This court, however, has ruled in In re Sanford, 236 Mo. 665, that the power of the board of equalization to compel the attendance of witnesses and produce papers is not limited to the specific authority given by Section 11406, but is implied in the provisions of Section 11354, Revised Statutes 1909. The court said (l. c. 687): "When we consider the entire act together, its object and the procedure by which its object is to be accomplished, there can be no doubt but what the Legislature intended thereby to empower the board to send for books, papers and witnesses, *whenever necessary to elicit the truth of any fact pending before it.*" Section 11354 declares: "It shall be the duty of said board of equalization to ascertain the true amount and value of all property of such person" subject to taxation (referring to any person who shall have been charged with making a false affidavit as to his taxable property). In the Sanford case (l. c. 690) this court considers and reviews authorities which discuss the implied powers of a court under such circumstances. The board of equalization is characterized as a quasi-judicial body and, in investigating the facts as authorized by Section 11354, acts judicially. The Sanford case has been cited with approval by several later cases in which the rule as to implied authority as there declared has been approved. [Shull v. Boyd, 251 Mo. 452, l. c. 477; State ex rel. v. Barton, 266 Mo. 711, l. c. 719; State ex inf. v. Lumber Co., 269 Mo. 371, l. c. 377.]

II. Another question arising is whether the board of equalization had power, under the facts in this case, to

compel the attendance of the petitioner. Aven was subpoenaed as a witness. His attendance could only be required and his evidence compelled in case a proceeding authorized by law was pending before the board at the time. Section 11354, Revised Statutes 1909, under which the board was proceeding, is as follows:

"If any person shall, with intent to defraud, deliver to any assessor a false list of his property, it shall be the duty of the assessor to give notice in writing thereof to the county board of equalization; and the said board shall, on receiving such notice, give notice thereof to the person who shall have furnished such false list, which notice shall specify the particulars in which said list is alleged to be false, and shall fix a time for a hearing of the matter, on which day the person aforesaid shall have the right to appear and defend against such charge; and if it appear that such person is not guilty as charged, the said board shall dismiss the matter; but if it appear that such person is guilty as charged, it shall be the duty of said board of equalization to ascertain the true amount and value of all property of such person subject to taxation, and to tax the same as similar property of other persons is taxed, and in addition shall, by way of penalty for furnishing such false list, treble the amount of taxes thus ascertained against such person; and such person shall be required to pay such treble amount, and shall in addition thereto be liable to be punished for perjury."

That section authorizes the board to inquire into false returns of taxable property. Before the board has authority to act there must first be notice by the assessor in writing that some taxpayer has delivered to him a false list. The persons mentioned in such information furnished by the assessor are not before the board of equalization until they have notice that they were charged with making a false affidavit. The section provides: "*and the said board shall, on receiving such notice, give notice thereof to the person who shall have furnished such false list, which notice shall specify the particulars in which said list is alleged to be false and shall fix a time for a*

*hearing of the matter, on which day the person aforesaid shall have the right to appear and defend against such charge."*

The board had no authority to proceed against such persons charged with returning a false tax list, nor to make an order in any manner affecting them without a hearing. This court said in the case of State ex rel. Lemon v. Buchanan County Board of Equalization, 108 Mo. 1. c. 241: "Tax proceedings constitute no exception to the rule demanding notice as a prerequisite, in order to give validity to such proceedings. Provision for notice is a part and parcel of 'due process of law.' "

It is true that the appearance of the party affected would be waiver of notice. [State ex rel. v. Baker, 170 Mo. 1. c. 390; State ex rel. McCune v. Carter, 214 S. W. 180, 1. c. 182.] These cases emphasize the principle that the board, under circumstances like those in the present case, has no authority to proceed until there is either a notice to the party affected or the voluntary appearance of such party in court. There is no proceeding pending by which the board would be authorized to order a change in any manner of the alleged false list presented by the taxpayer to the assessor, or to inflict the penalty of treble taxes, as provided in Section 11354, unless the party affected has his day in court. He must have the requisite notice or must appear and waive such notice.

There was no notice given to any of the persons mentioned in the affidavit of the assessor and no appearance of such persons before the board; this appears from the return and is conceded. There was no proceeding pending before the board of equalization which authorized it to act; it had no authority to compel the attendance of witnesses or the production of books.

It has been held in recent cases by this court that a notary public authorized to take depositions and cause the attendance of witnesses has no authority to compel a witness to attend or to give his testimony until such notary is authorized to proceed with the taking of the deposition by due notice to the opposite party to the pro-

ceeding.  [Tiede v. Fuhr, 264 Mo. l. c. 628;  In the Matter of Whicker, 187 Mo. App. l. c. 100;  Burnett v. Prince, 272 Mo. 68, 197 S. W. 241, l. c. 243.]   The issuance of the subpoena by the board of equalization was what is termed void process.   There was no proceeding before the board which authorized it.   The subpoena requires the attendance, as stated, "in a certain matter of investigation now before the County Board of Equalization."   There was no matter of investigation in regard to the false lists until the parties to be investigated were before the board by proper notice or appearance.

The Board of Equalization of Cedar County was without authority to compel the attendance of the petitioner or commit him for failure to testify or produce the books of his bank. The prisoner is therefore discharged.

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court.   All of the judges concur.