IN RE CONTEMPT OF ROY RICE. ROY RICE, PLAINTIFF IN
ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

60 N. W. 2d 668

Filed October 30, 1953. No. 33400.

*Fred N. Hellner* and *Moran & James*, for plaintiff in
error.

*Pilcher & Haney*, for defendant in error.

Heard before SIMMONS, C. J., MESSMORE, YEAGER,
CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

The plaintiff in error Roy Rice, a witness, was found
guilty of contempt of court for refusal to answer cer-
tain questions and refusal to produce documents in
response to a subpoena duces tecum in a proceeding
whereby his deposition was being taken. He was fined
$1 and costs. His application to set aside the judgment
and quash the proceeding being overruled, he brings the
matter here by petition in error.

It is patent that the parties to the litigation are under-
taking, by this means, to secure a construction of the
scope of the provisions of section 25-1267.02, R. S. Supp.,
1951. Their briefs are directed toward that matter.

However, at the beginning of this case we are presented with a plain error that requires notice, a reversal of the judgment, and a dismissal of the proceeding.

The transcript here consists of the findings and judgment of the district court, and proceedings subsequent thereto.

The findings and judgment show that it relates to proceedings in a deposition being taken in Douglas County "in a case pending in the District Court of Otoe County, Nebraska" entitled McKeone et al., v. Almond et al.

The bill of exceptions shows the proceedings before a notary public and subsequently those before the District Court of Douglas County. The proceedings before the notary were offered in evidence by the defendants who sought to take the deposition.

The first thing in the bill is a copy of a "Notice to Take Depositions." It is captioned "In the District Court of the Fourth Judicial District of Nebraska, in and for Douglas County." This is followed by the usual bracket setting out the names of four plaintiffs "etc." and two defendants "et al." The notice runs to the "above named" plaintiffs and a defendant, whose name does not otherwise appear, that the two-named defendants and one not named "will take the depositions of ROY RICE to be used as evidence on the trial of the above entitled cause." This is followed by a statement of time and place. It was served upon counsel for plaintiffs and the one defendant. There follows a copy of the notary's subpoena duces tecum directed to plaintiff in error, commanding him to appear at the time and place stated in the notice "to give evidence in behalf of defendants in an action pending in the District Court for Douglas County" wherein one-named party "etc." were plaintiffs and two-named parties "etc." were defendants. It further commanded him to bring with him records, documents, insurance policies, memoranda, etc., not necessary to be detailed here.

The "Deposition in behalf of Defendants Almond" is captioned "In the District Court for Otoe County." That is followed by a recital that it is the deposition of Roy Rice taken "to be read in evidence in behalf of Defendants, Almond, in an action pending in the District Court for Otoe County, Nebraska, as entitled above." The witness Rice was sworn and asked his name. The plaintiffs objected to the taking of the deposition because, for one reason, it "is not in accordance with the Statutes of the State of Nebraska."

After plaintiff in error (Rice) refused to produce "records as ordered by the subpoena duces tecum" defendant moved that the matter be certified to the district court and that the witness be charged with contempt and punished for contempt of a lawful process of the court. The plaintiff objected on the ground, among others, that the "notice to take depositions does not come within any of the statutory provisions" therefor and that the proceedings were "irregular and unenforceable." The matter was taken before a judge of the Fourth Judicial District where the plaintiff again objected that the judge did "not have jurisdiction to hear this matter." There was argument to the court, which is not shown. Briefs were requested and the cause continued.

Over 6 months later the matter again came on before the judge, wherein the case is referred to as "pending in the District Court for Otoe County." Objection was made, among others, that the "court can not require him to produce" the documents and that there was "no adequate or legal reason given, justifying the production of the original records and statements, whether it be a subpoena or court order."

Reference was again made to a case "pending in the District Court for Otoe County." The names of the parties were all read into the record and it was stipulated that it was a "true and correct" statement of the title of the case.

The examination of the witness then proceeded before the district judge. Over objection that the court did "not have sufficient legal authority to require" the production and delivery of an insurance policy, the witness was ordered to do it and refused. The court then sustained a motion that the witness be held in contempt. The witness then refused to produce papers requested in the subpoena duces tecum and was again over similar objection adjudged guilty of contempt. This procedure was followed as to several documents and then a general motion was made to find the witness guilty of contempt and punished. The objection, among others, was that "this entire proceeding is contrary to law." The motion was sustained and the witness adjudged guilty of contempt and fined. In the witness' application to set aside the order and quash the proceedings the legality of the proceedings was again raised and overruled.

In his petition in error here and in his assignments of error he presents the correctness of the court's rulings above stated.

It does not appear that the specific matter in this proceeding which we raise was called to the attention of the trial court. It does not appear that it was not so called to the court's attention in the off-the-record argument and briefs, nor does it appear that counsel was at any time asked to amplify his objections.

The fact is that the plaintiff in error, a witness, was found guilty of contempt for refusal to produce documents in a deposition being taken for use in an action in Otoe County, when the notice and the subpoena duces tecum called for his testimony and the production of instruments in an action pending in the district court of Douglas County.

Section 25-1267.01, R. S. Supp., 1951, provides that: "Depositions shall be taken only in accordance with * * * (the sections there set out)."

Section 25-1267.20, R. S. Supp., 1951, provides: "Prior

to the taking of any deposition, * * * a written notice specifying * * * the name of the court or tribunal in which it is to be used, * * * shall be served upon the adverse party, * * *."

Section 25-1267.20, R. S. Supp., 1951, further provides that: "The notice shall also specify the names of the witnesses to be examined." This is in substance a re-enactment of an earlier provision of our code. In Miller v. Frey, 49 Neb. 472, 68 N. W. 630, we had a case where the notice did not specify the name of the witness whose deposition was taken. We held that the deposition should have been quashed, obviously because of failure to comply with the statutory requirement.

In Tiede v. Fuhr, 264 Mo. 622, 175 S. W. 910, there was a defect in the notice as to the time of taking the deposition. The court held that in the absence of waiver and agreement, the statutory notice to take depositions is an essential prerequisite to the vesting of authority to take depositions at all.

Construing the Tiede opinion in State ex rel. Utz v. Daues (Mo.), 287 S. W. 606, the court said: "The justice of the peace had no jurisdiction to take the deposition of plaintiff, because no valid notice to take depositions had been given and hence said justice had no power to issue the subpoena, for disobedience of which plaintiff was attached" and "the notice to take depositions * * * was ineffectual to confer jurisdiction * * *."

In Union Pacific R. R. Co. v. Thompson, 75 Neb. 464, 106 N. W. 598, notice was given to take depositions in a case pending in the district court of Custer County. The action was pending in the county court of that county. On motion to suppress, it was held that the error had been corrected by an agreement of the parties. We find nothing indicating an agreement or waiver in this case.

In Bowyer v. Knapp & Martin, 15 W. Va. 277, notice to take depositions was served upon a defendant in a suit pending in "Fayette County." The action was pending

in "Greenbrier County." The defendant knew that he had a suit pending against him in Greenbrier County. His attorney advised him to ignore the notice. The trial court on motion suppressed the deposition. On appeal the court affirmed. It held that: "Notice to take depositions should indicate to the adverse party, with reasonable certainty, when, where, and in what cause the depositions are to be taken." The similarity between that holding and the requirement of section 25-1267.20, R. S. Supp., 1951, is apparent. The court held that the notice was "fatally defective."

Burnett v. Prince, 272 Mo. 68, 197 S. W. 241, was an action for damages for false imprisonment. There notice was served on a defendant that depositions would be taken in a cause pending in the circuit court of Jackson County at Kansas City, whereas the action was pending in the circuit court of Jackson County at Independence. Our statute, section 25-1267.14, R. S. Supp., 1951, names the persons before whom a deposition may be taken in this state. Missouri's statute, section 6387, R. S. 1909, is referred to in the opinion in Burnett v. Prince, *supra*. The Missouri court there held: "* * * the notice is necessary before any of the officers named in section 6387 can take the testimony or enforce the attendance of witnesses, or perform any function in connection with the taking of depositions, such as issuing subpoenas. A notary or justice of the peace has no power in the premises until the statute is complied with. It is the proper service of a proper notice of the time and place which vests the officer with authority to take testimony and to compel the attendance of witnesses by issuing subpoenas." The court further held that: "Notices of the pendency of a suit in one of those places would not be notice of the pendency of a suit in the other place." Citing Bowyer v. Knapp & Miller, *supra*. The notice required by section 6392, R. S. 1909, (Mo.), cited in the opinion, is not as inclusive as our section 25-1267.20, R. S. Supp., 1951. The Missouri act provided that the

party taking the deposition "shall cause notice in writing of the time and place of taking them to be served on the adverse party * * *."

Our statute provides that the "attendance of witnesses may be compelled by the use of subpoena * * *." § 25-1267.01, R. S. Supp., 1951. The Missouri act. section 6404, R. S. 1909, cited in the opinion, provides that the officer "shall have power to issue subpoenas for witnesses to appear and testify, and to compel their attendance * * *." It further provides for commitment for refusal to testify. § 6404, R. S. 1909. See our section 25-1267.44, R. S. Supp., 1951, for a provision of like import.

The Missouri court in Burnett v. Prince, *supra*, held that "The service of the notice is the summary method of vesting authority" in the officers named in the statute. The court then held: "The notice, naming Kansas. City instead of Independence as the place where the suit was pending, * * * did not authorize the notary to enforce the attendance of witnesses." Obviously it would not authorize the notary, or the court, acting subsequently, to enforce the giving of testimony.

We have here then a proceeding before a notary and before the court that has neither notice nor subpoena to support it and is without statutory authority.

"A refusal to answer such improper questions as would constitute abuse of process is not a contempt and may not be punished, and a witness is entitled to his privileges and immunities as well when a deposition is taken as when examined in open court." In re Hammond, 83 Neb. 636, 120 N. W. 203, 23 L. R. A. N. S. 1173.

As we said in the above case, so we hold here: A finding and punishment of a witness for contempt for properly protecting himself from an illegal inquisition will not be upheld.

The judgment of the district court is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH DIRECTIONS.

CARTER, J., participating on briefs.