STATE EX REL. MANGAM, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 6,952.)

(Submitted December 29, 1931. Decided January 5, 1932.)

[6 Pac. (2d) 873.]

*Mr. Frank K. Sullivan* and *Mr. Philip O'Donnell*, for Relator, submitted an original and a supplemental brief; *Mr. O'Donnell* argued the cause orally.

*Messrs. Kremer, Sanders & Kremer,* for Respondents, submitted an original and a supplemental brief; *Mr. Louis P. Sanders* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an application for a writ of prohibition. From the petition and return it appears that an action was filed in the district court of Silver Bow county by Amos Booth against Walter G. Hansen. After issue was joined, John Sullivan, acting for defendant therein, made an affidavit pursuant to section 10651, Revised Codes 1921, for the taking of the deposition in that action of the witness W. D. Mangam, relator herein. The affidavit for the purposes of this proceeding may

be treated as sufficient to show that the case is one within the provisions of section 10645.

Notice of the time and place of taking the deposition, together with a copy of the affidavit, were served upon plaintiff Booth. A subpoena *duces tecum* was issued by Charles H. Little, a notary public residing in Butte, directed to W. D. Mangam, requiring him to appear at the office of the notary public on the third floor of the courthouse in Butte, Silver Bow county, on November 28, 1931, at 1 o'clock P. M. The subpoena was personally served upon Mangam on November 17, at Helena, Lewis and Clark county. Mangam refused to appear in response to the subpoena. On December 11 Hansen filed a petition in the district court of Silver Bow county for an order requiring Mangam to show cause why he should not be punished for contempt of court or to give his deposition. Upon the filing of the petition, an order to show cause was issued, returnable December 19. On the return day Mangam, through his counsel, appeared and filed a motion to quash the order to show cause. The motion was denied. Mangam, through his counsel, upon order of the court that a plea be entered, pleaded not guilty. The court thereupon set the cause for trial, and directed that Mangam appear in person at the trial, and, if he failed to do so, a writ of attachment would be issued directing the sheriff of Silver Bow county to attach the person of relator and bring him before the court. This application followed.

The questions presented by the proceeding are the propriety of the court's action in issuing the order to show cause, in denying the motion to quash, and in ordering Mangam to appear in person in the contempt proceedings under threat of issuance of a writ of attachment to compel his attendance. While other contentions are made, the determinative question whether the court erred in issuing the order to show cause and in denying the motion to quash depends upon whether the notary public had authority to issue the subpoena *duces tecum*.

Under our statute, a notary public has authority to issue a subpoena to require the attendance of a witness before

him for the purpose of taking testimony "in any matter under the laws of this state." (Subd. 2, sec. 10619, Rev. Codes 1921.) But he cannot act in a pending action except and until a copy of the affidavit, together with the notice prescribed by section 10651, Id., have been served, by the party desiring to take the deposition, upon the adverse party.

As was said by the supreme court of California, in *Burns* v. *Superior Court,* 140 Cal. 1, 73 Pac. 597, 601: "He can act only in pursuance of an affidavit made and notice given in an action pending in a court, a notice given by a party to the suit or his attorney, which affidavit and notice confessedly are proceedings in the action."

Until the notice and copy of the affidavit provided for by section 10651 are served upon the adverse party, the notary public is without authority to issue a subpoena, and a purported subpoena issued prior thereto is void. It was so held by the supreme court of Missouri in the case of *Burnett* v. *Prince,* 272 Mo. 68, 197 S. W. 241, under statutes very similar to those of this state.

Here the record discloses that a copy of the affidavit and the notice to take the deposition of Mangam were not served upon Booth until November 18. The purported subpoena *duces tecum* was served on November 17; hence it was issued before the affidavit and notice were served, and, in consequence, was and is void. The subpoena being void, disobedience thereof is not a contempt. (*State ex rel. Costello* v. *District Court,* 86 Mont. 387, 284 Pac. 128.)

Respondents contend that relator may not maintain this proceeding before exhausting his remedy in the district court. That this is the general rule can admit of no doubt. But "the existence of a remedy by appeal is not of itself a bar to prohibition, unless such remedy be plain, speedy, and adequate. * * * A remedy is speedy when, having in mind the subject-matter involved, it can be pursued with expedition and without essential detriment to the party aggrieved; and it is neither speedy nor adequate if its slowness is likely to produce immediate injury or mischief." (*State ex*

*rel: Marshall* v. *District Court,* 50 Mont. 289, Ann. Cas. 1917C, 164, 146 Pac. 743, 745.)

Here it is conceded that the district court insists upon the personal presence of Mangam on the hearing in the contempt proceedings. Since there is no jurisdictional basis for contempt proceedings, relator ought not to be compelled to be present in person at the hearing, even assuming that in a proper case he might be required to do so. But, as to this, compare: *Ex parte Gordon,* 92 Cal. 478, 27 Am. St. Rep. 154, 28 Pac. 489; *Bakeman* v. *Superior Court,* 37 Cal. App. 785, 174 Pac. 911; *Fritz* v. *Fritz,* 45 S. D. 392, 187 N. W. 719, and 13 C. J. 72.

Under the circumstances shown here, it was not incumbent upon relator to proceed further in the district court before invoking the remedy by prohibition in this court.

A peremptory writ of prohibition is directed to issue as prayed for.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.