HIBER, Appellant, *v.* MORRILL, Respondent.

(No. 7,716.)

(Submitted October 2, 1937.   Decided October 27, 1937.)

[72 Pac. (2d) 685.]

*Mr. John A. Shelton,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. John K. Claxton,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE SANDS delivered the opinion of the court.

The plaintiff, Laura Hiber, filed an action in the district court of Silver Bow county against Ben H. Hardin, Emily C. Morrill and others.   A summons was issued on August 28, 1934.   On September 11, 1934, a process purporting to be a subpoena *duces tecum* was issued by J. R. Davenport, a notary public; such subpoena commanded Emily C. Morrill to appear on September 28, 1934, to give testimony and to produce certain documents.

Also, on September 11, 1934, the plaintiff subscribed and swore to an affidavit which purported to be the affidavit required by section 10651 of the Revised Codes, for the taking of a deposition. A notice of the taking of the deposition, also required by this section, was made and signed by W. N. Waugh and John A. Shelton, as attorneys for the plaintiff, though the record discloses no date of its issuance.

The summons, affidavit, notice of the taking of the deposition, and the subpoena *duces tecum* were served upon the defendant Morrill on September 20, 1934. On the 28th day of September thereafter, the time set for the taking of the deposition, defendant Morrill appeared before the notary and gave certain testimony, but refused to produce any of the documents required by the subpoena *duces tecum*. Thereafter, the plaintiff amended her complaint by interlineation, setting up the forfeiture provision contained in section 10625, Revised Codes, for disobedience to a subpoena. An answer to the amended complaint was filed by the defendant; the plaintiff filed a reply, and the cause was heard by the court sitting with a jury on April 28, 1937. The plaintiff, through the testimony of a deputy clerk of the district court, introduced certain papers entitled, *"Hiber* v. *Hardin."* The papers introduced were: (1) The complaint in the case of *Hiber* v. *Hardin;* (2) the summons; (3) an affidavit of service showing the service of the summons, the notice of taking of deposition, the affidavit supporting it, and the subpoena *duces tecum;* (4) the affidavit of Laura Hiber; (5) the notice of the taking of the deposition; (6) the subpoena *duces tecum;* and (7) the deposition of Emily C. Morrill taken before J. R. Davenport on September 28, 1934. All of these papers were received in evidence, and at the close of plaintiff's case the defendant moved for a nonsuit and a judgment of dismissal. The court granted the motion for nonsuit, and a judgment was entered for the defendant. From this judgment the plaintiff appeals, setting up as error the sustaining of the motion and the rendition of judgment in favor of defendant.

The action instituted by plaintiff is predicated upon the forfeiture provision of section 10625, supra, and hence the ultimate

question before this court is merely the liability of the defendant for her alleged failure to obey the subpoena *duces tecum* issued by the notary public.

One of the grounds stated in the motion for nonsuit was: ■ ''That there is no competent, substantial or sufficient evidence to establish the liability as far as this defendant is concerned.'' It is upon this ground that the decision of this court turns.

Upon an examination of the record we find that the subpoena *duces tecum* was issued by the notary public on September 11, 1934, and that the affidavit and notice of the taking of the deposition were served upon defendant Morrill on September 20, 1934. It is therefore disclosed by the record that the subpoena was issued by the notary public before the affidavit and notice of the taking of the deposition were served upon the defendant. This procedure is contrary to the provisions of section 10651, which requires the affidavit and notice to be served upon the adverse party before the subpoena is issued. It has been so held by this court in *State ex rel. Mangam* v. *District Court*, 91 Mont. 240, 6 Pac. (2d) 873, 874. Quoting from that decision, we find: ''Until the notice and a copy of the affidavit provided for by section 10651 are served upon the adverse party, the notary public is without authority to issue a subpoena, and a purported subpoena issued prior thereto is void. * * * Here the record discloses that a copy of the affidavit and the notice to take the deposition of Mangam were not served upon Booth until November 18. The purported subpoena *duces tecum* was served on November 17; hence it was issued before the affidavit and notice were served, and, in consequency, was and is void. The subpoena being void, its disobedience could not amount to a contempt.''

It is true that in the present case there was a partial compliance with the subpoena, yet the action here brought is based upon a forfeiture for disobedience to the order of the subpoena, and when the subpoena is void from its issuance it cannot be said that there is either obedience or disobedience to any part, for the process carries no authority.

This court in rendering its decision is constrained to follow the decision in the *Mangam Case,* supra. The act of the notary public in issuing the subpoena before the affidavit and notice were served was without authority, and the subpoena was and is void. Therefore, there can be no invoking of the statutory penalty for disobedience to a process which was from its inception a nullity.

The judgment is affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON, MORRIS and ANGSTMAN concur.