STATE EX REL. ENOCHS, RELATOR, *v.* DISTRICT COURT ET AL., RESPONDENTS.

(No. 8,297.)

(Submitted March 30, 1942. Decided March 30, 1942.)

[123 Pac. (2d) 971.]

*Mr. J. C. Robinson, Mr. Lee Metcalf* and *Mr. J. D. Taylor,* for Relator, submitted a brief; *Mr. Taylor* argued the cause orally.

*Messrs. Mulroney & Mulroney* and *Mr. F. W. Wilson,* for Respondents, submitted a brief; *Mr. Thomas F. Mulroney* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Relator, Roy H. Enochs, petitions for a writ of supervisory control, or other appropriate writ.

The petition recites that on September 3, 1941, Dottie Enochs filed a suit for divorce against relator; that on January 3, 1942, a divorce decree was entered in her favor in which relator was ordered to convey to her certain real and personal property and to make certain alimony payments; that "relator was not present in Court at the time when the said decree was so made and entered in said cause, and the same was not served on him, nor did he have any knowledge of the contents of the same;" that on January 23, 1942, the district judge issued a citation which was subsequently served on relator, together with a copy of the affidavit upon which it was issued, requiring him to appear on January 29, 1942, to show cause why he should not be punished for contempt of court for wilfully dis-

obeying the said provisions of the decree relating to property and alimony payments; that relator appeared and moved to quash the citation upon the grounds that the affidavit did not state facts sufficient to disclose that relator had committed contempt of court and that the parts of the decree requiring relator to convey the property and pay alimony were void; that in support of the motion to quash, relator had filed his affidavit "wherein he stated positively that he was not personally served with a copy of the decree, or otherwise served with a copy thereof, and that he had no knowledge of the contents of the same;" that the court denied his motion to quash; that testimony was thereupon submitted and the matter taken under advisement by the court; that on February 5, 1942, the court rendered judgment finding relator guilty of contempt for the wilful violation of the decree of January 3, 1942, and also for violating a temporary restraining order issued on September 3, 1941, and directing that relator be fined $100 and that he be committed to the county jail for ten days, the jail sentence to be suspended if the relator should purge himself of the contempt by February 9, 1942, by transferring the property as required by the decree; that relator has no plain, speedy or adequate remedy by appeal or otherwise except by special writ.

Annexed to the petition are copies of the divorce decree (but not the judgment roll upon which it is based), the order to show cause and the affidavit upon which it is based, relator's motion to quash and the supporting affidavit above mentioned, the court's findings of fact, conclusions of law and judgment finding relator guilty of contempt, and affidavits showing the impossibility of obtaining the reporter's transcript of the proceedings and evidence in time to annex it to the petition. The affidavits were to excuse the relator's failure to annex the transcript also required by Rule IV-4 of this court. The transcript was subsequently filed and will be considered part of relator's petition. The citation, affidavit and contempt judgment referred also to relator's nonpayment of

the attorney's fees, though his petition fails to mention the subject.

The copy of relator's motion to quash the contempt citation, which is annexed to the petition here, shows that he did not challenge by it either the validity of the decree's provisions for alimony and attorney's fees, or the validity of the decree *in toto*. The transcript of the hearing shows, moreover, that the validity of the alimony and attorney's fees provisions was not attacked at all at the contempt hearing, and the latter item is not attacked here, although relator's attorney stated at the contempt hearing that neither the alimony nor the attorney's fees had been paid as required by the decree. This consideration alone is sufficient to show that the relator was admittedly guilty of contempt; but as the other items may also have affected the penalty we shall consider the further questions presented.

Respondents have appeared herein by motion to quash the writ and dismiss the proceedings, and without waiver thereof by return and answer effectively joining issue on the merits. The grounds of their motion are that the petition does not state facts sufficient to entitle relator to a writ of supervisory control or to any relief.

Relator prays for a writ of supervisory control or other appropriate writ. Since he challenges the jurisdiction of the trial court upon the grounds that the provisions he is accused of violating have no valid existence and that the affidavit for citation failed to state facts sufficient to constitute contempt of court, it seems clear that his remedy would not be supervisory control, which concedes the jurisdiction of the court, but rather that certiorari is the remedy where the jurisdiction has been exceeded (Sec. 9837 Rev. Codes), which is also expressly made by statute the method for the review of contempt judgments, (Sec. 9921). The latter statute not only disposes of the respondents' objection to the remedy, but also disposes of the necessity of showing that the relator had no other suitable remedy. It is consequently immaterial that

respondent's reference to the absence of other remedy was stated only as a conclusion of law. We therefore come to the question whether in any other respect the relator's petition fails to state facts sufficient to entitle him to relief.

It appears from the transcript of evidence at the contempt hearing that after his motion to quash was overruled, the relator's attorney participated in the proceedings, cross-examined the witnesses, stated several times in open court that the relator had not complied and would not comply with the decree "but we are not guilty of contempt."

The contentions were that the property provisions in question were void as in excess of the trial court's jurisdiction, and further that the entire decree was void as having been obtained by fraud. Upon the cross-examination of the relator's former wife, the plaintiff in the divorce action, relator's attorney referred to a document apparently assumed to be a copy of a divorce decree obtained by her in Nebraska in 1916, and the contention seems to be that she committed fraud upon the respondent court by alleging in her complaint that the parties intermarried in 1913 and "are now and ever since that time have been husband and wife."

However, the copy of the supposed Nebraska decree was not offered in evidence and the document to which it seems to have been annexed as an exhibit (apparently a motion for new trial of the divorce action in respondent court) was not annexed to the relator's petition or otherwise brought before us. We have no way of ascertaining from the record whether any such divorce was ever obtained in Nebraska, or if so, whether the plaintiff in this divorce action was aware that it was a decree of divorce and not merely an order for the custody of a child. However, the uncontroverted evidence does show that less than six months after the date of the supposed Nebraska decree in 1916 relator told his wife that no divorce had been obtained and the parties resumed open marital relations and continued them until shortly before these divorce proceedings were instituted in 1941, although Mrs. Enochs

testified upon cross-examination by relator's attorney at the contempt hearing that relator "told me afterwards (about six or seven years ago) I was divorced from him, and every time he would get mad at me he said I was divorced from him; when he was in good humor he said I was not."

The uncontroverted evidence shows also that the day before the affidavit was made and the citation for contempt issued, the relator told his divorced wife that he would not comply with the decree provisions as to property, alimony, court costs and attorney's fees, and offered her a lump sum of $750 in lieu thereof. Respondent was of course present at the contempt proceedings but did not testify.

The record brought to this court by the relator is palpably incomplete, but it is apparent that aside from his contention "that the affidavit upon which the citation was based did not state facts sufficient to disclose that relator had committed contempt of the court" all the points raised constituted collateral attacks upon the divorce decree. (*E. J. Lander & Co.* v. *Brown*, 110 Mont. 127, 99 Pac. (2d) 216; *Hanrahan* v. *Andersen*, 108 Mont. 218, 90 Pac. (2d) 494.) This is very apparent since the contempt proceeding is entirely independent from the civil action out of which it arose (*State ex rel. Bacorn* v. *District Court*, 73 Mont. 297, 236 Pac. 553), and the attacks were not made for the direct purpose of impeaching or overturning the decree, but for the collateral purpose of excusing the violation of the decree. The same is true of the proceeding in this court, both as to the attacks renewed here and the further attack made upon the alimony provision as being purely coercive in order to induce compliance with the property orders.

There is no doubt that a party cannot be guilty of contempt of court for disobeying an order which the court had no authority to make. (*State ex rel. Johnston* v. *District Court*, 21 Mont. 155, 53 Pac. 272, 69 Am. St. Rep. 645; *State ex rel. Costello* v. *District Court*, 86 Mont. 387, 284 Pac. 128; *State ex rel. Mangam* v. *District Court*, 91 Mont. 240, 6 Pac. (2d) 873.) But it is well settled that judgments of courts which are of general

234

jurisdiction and whose prima facie authority therefore extends to questions of the kind purported to have been adjudicated, are entitled to every presumption of validity, and that they are not open to collateral attack unless shown void upon inspection of the judgment roll, and that in the absence of the judgment roll the court cannot try the question. (*Haupt* v. *Simington*, 27 Mont. 480, 71 Pac. 672, 94 Am. St. Rep. 839; *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac. 123.)

In this state there is in general only one form of civil action, (section 9008, Rev. Codes), and the court having jurisdiction of the parties, must try such issues and afford such relief as the pleadings and evidence warrant. (*Merchants' Nat. Bank* v. *Great Falls Opera-House Co.*, 23 Mont. 33, 57 Pac. 445, 45 L. R. A. 285, 75 Am. St. Rep. 499.) Various causes of action within the court's jurisdiction may be joined in the pleadings, or even intermingled, if no objection is made. Furthermore, additional issues not presented by the pleadings may be tendered by evidence introduced without objection. Respondents contend that sections 5771 and 5772, Revised Codes, empower the court in a divorce action to make such orders as those questioned by the relator here. But we cannot reach that question in this case, for the judgment roll is not before us, and even if the issue as to property was not sufficiently tendered by the ordinary allegations of a divorce complaint, we cannot say that it was not tendered by other allegations intermingled therewith, to say nothing of the possibility that it may have been tendered by evidence introduced without objection. For that reason we cannot determine whether the part of the decree attacked by the relator below is void.

It is therefore immaterial whether the alimony provision first attacked in this court is invalid as intended only to force compliance with the property provisions, although a reading of the provision indicates that the objection is unfounded.

Furthermore, we cannot say whether anything appears in the supposed divorce decree of the Nebraska court which could have the effect of making the Montana decree absolutely void,

assuming that anything in it could possibly have that effect.

The only other ground of the relator's motion to quash the ▮▮▮ contempt proceedings is that the affidavit was not sufficient in that it did not state that the decree had been served upon him or that he had knowledge of its terms. The affidavit did state "that the defendant has been fully apprised of the contents of said order and of entry of judgment thereon in the records provided therefor, * * * and that said defendant has been able to comply with the above mentioned decree, order and injunction." The relator states in his brief that the affidavit for the citation "must show that the alleged decree or order which the contemnor is alleged to have contumaciously violated was served on him, *or at least, that he had knowledge of its contents.*" His contention is that the allegation "that the defendant has been fully apprised of the contents of said order and of entry of judgment thereon * * * is a conclusion of the pleader," and is not equivalent to the allegation that he had knowledge of the contents. Obviously if the allegation is a conclusion, it is one of fact rather than of law (*State* v. *Whitcomb*, 94 Mont. 415, 22 Pac. (2d) 823) and therefore would not render the affidavit insufficient. (*Northern Pac. Ry. Co.* v. *Musselshell County*, 96 Mont. 544, 32 Pac. (2d) 1.) Assuming that the distinction between the allegations of "having knowledge of the contents" and of "being fully apprised of the contents" is a material one, the latter can hardly be said to be a conclusion, since it is rather a statement of fact from which the former would naturally follow; and since the relator concedes the sufficiency of the former his objection has no merit. Furthermore, as stated above, the uncontroverted evidence at the hearing confirmed relator's knowledge of the decree's requirements the day before the citation was issued, which would seem sufficient to supplement any formal defect in the allegation that he was "fully apprised" thereof.

Relator contends further that although he was cited for ▮▮▮ contempt in violating the divorce decree, he was found guilty also of violating the temporary injunction issued in

September, 1941.  As shown above, the affidavit for citation mentions the temporary injunction and the relator's violation thereof, and the court mentions relator's violation thereof, but only as part of the findings.  The judgment itself adjudges only that the relator is "guilty of contempt of this court as charged, and it is ordered that by reason thereof he be fined the sum of $100, and in addition thereto, be committed to and confined in the Missoula County jail at Missoula, Montana, for a period of ten days" etc.  It is therefore not true that he has been adjudged guilty of and punished for a violation of which he was not accused.

Relator has not suggested what seems to be the only valid ▮ objection to his sentence for the contempt, namely, that it exceeds the maximum sentence of five days provided by statute (sec. 9917).  It seems clear that imprisonment in excess of that time is permissible to compel the payment of the fine (*State ex rel. Coleman* v. *District Court*, 51 Mont. 195, 149 Pac. 973); and the law also provides: "When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he shall have performed it, and in that case the act must be specified in the warrant of commitment" (sec. 9918); but the sentence in question here attempts to do neither of these things.

The sentence thus being excessive, the question arises whether it is void *in toto* or only as to the excess.  While the courts are not in agreement upon the point, the majority rule and the better rule seems to be that the sentence is valid for the maximum authorized by statute and is void only as to the excess.  (*Harlow* v. *Clow*, 110 Or. 257, 223 Pac. 541; *People* v. *Lein*, 204 Cal. 84, 266 Pac. 536; *Ex parte Leypoldt*, 32 Cal. App. (2d) 518, 90 Pac. (2d) 91.)

It is apparent from the foregoing that the relator is admittedly guilty of contempt of court, that he has not shown any material error by the trial court in the contempt proceedings, and that the petition must be denied; but the jail

sentence must be reduced to the statutory maximum of five days.

Accordingly it is so ordered.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON, ANDERSON and MORRIS concur.