JUSTICE HUNT
dissenting.
I dissent. In reaching the holding announced today, the majority opinion disregards specific exemption provisions in two separate statutes as well as past precedent of this Court. Clearly, the application of the law in this situation leads to an unpleasant result in that there is no other marital property to award to Margaret, but it is clear that under Montana law the pension disability benefits, along with the workers’ compensation benefits, are exempt from maintenance awards.
It is important to recognize that the net marital estate in this case is $ 12,116 annually. This amount is a combination of the annual value of George’s workers’ compensation benefits ($7774), and the annual value of his union pension disability benefits ($4362). Margaret was awarded all of the pension disability benefits, and was awarded an *78 additional $298.33 per month, which by necessity must come from George’s workers’ compensation benefits.
The majority opinion, in determining that George’s pension disability benefits were not exempt, held that the disability benefits exemption statute found at § 25-13-608, MCA, does not apply to maintenance awards. This conclusion is contrary to our prior decision in Castor. In Castor, the issue was whether one spouse’s disability benefits could be awarded to the other spouse in a dissolution proceeding. In Castor, this Court correctly recognized that § 25-13-608, MCA, applied and stated that:
Under § 25-13-608, MCA, although veterans’ and social security benefits are subject to execution if they are levied for child support or spousal maintenance, “disability or illness benefits” are exempt. Section 25-13-608(l)(d), MCA. If the monthly benefits Mr. Castor is currently receiving qualify as “disability” benefits, such payments are exempt from execution.
Castor, 817 P.2d at 668. After determining that disability benefits were exempt, this Court in Castor held that the benefits in question were actually retirement benefits, and could, therefore, be awarded. The majority opinion states that in Castor “[d]eciding the question of whether disability benefits were exempt from maintenance payments under the exemption statute was not necessary and therefore can be considered dicta.” To the contrary, in Castor it was essential that the issue of whether disability benefits were exempt be addressed, and we specifically held that disability benefits are exempt and may not be awarded as maintenance. The statement in Castor referred to in the majority opinion was not mere dicta, but went to the very heart of our analysis and decision. Our application and interpretation of § 25-13-608, MCA, in Castor was correct and should be followed in this case. § 25-13-608, MCA, provides in its entirety that:
(1) A judgment debtor is entitled to exemption from execution of the following:
(a) professionally prescribed health aids for the judgment debtor or a dependent of the judgment debtor;
(b) benefits the judgment debtor has received or is entitled to receive under federal social security or local public assistance legislation, except as provided in subsection (2);
(c) veterans’ benefits, except as provided in subsection (2);
(d) disability or illness benefits',
*79 (e) benefits paid or payable for medical, surgical, or hospital care to the extent they are used or will be used to pay for the care;
(f) maintenance and child support; and
(g) a burial plot for the judgment debtor and his family.
(2) Veterans’ and social security legislation benefits based upon remuneration for employment, as defined in 42 U.S.C. 662(f), are not exempt from execution if the debt for which execution is levied is for:
(a) child support; or
(b) maintenance to be paid to a spouse or former spouse if the spouse or former spouse is the custodial parent of a child for whom child support is owed or owing and the judgment debtor is the parent of the child. [Emphasis added.]
The majority opinion states that an award of maintenance is not a debt, George is not a judgment debtor, and therefore, the disability benefits exemption of § 25-13-608, MCA, does not apply. However, the very language of the statute explicitly provides that a maintenance award against a party is a “debt” and that the party owing the maintenance obligation is a “judgment debtor.” The statute is clear and unambiguous, governs in this case, and should have been followed by the majority.
The statute provides several exceptions to the general rales of exemption. One exception is that certain veterans’ and social security benefits are not exempt from execution for maintenance awards under certain circumstances. The Legislature, while considering the wisdom of permitting certain exceptions, did not provide for an exception in relation to disability benefits and maintenance awards. It is well-settled that:
In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.
Section 1-2-101, MCA. Additionally, it is a long-standing rale that when interpreting statutes “the intention of the legislature is to be pursued if possible.” § 1-2-102, MCA. The intention of the Legislature is manifest — disability benefits are exempt. Notwithstanding, the majority has created a new exception even though the Legislature chose not to do so.
The majority opinion, citing to 24 Am. Jur.2d Divorce and Separation § 531 (1983), refers to the common law basis for maintenance, *80 i.e., the natural obligation of a spouse to support the other spouse. This same section goes on to state that in relation to enforcement of maintenance awards “the recipient spouse is generally considered a judgment creditor of the obligor spouse to the extent of being entitled to all remedies given by statute to such creditors.” 24 Am.Jur.2d Divorce and Separation § 531 (1983). Likewise, the obligor spouse is a judgment debtor and is entitled to all protection provided by statute. The applicable Montana statute provides protection by exempting from execution all disability benefits of a judgment debtor. Even if the common law regarding maintenance was contrary to § 25-13-608, MCA, the statute governs. § 1-2-103, MCA, provides that:
The rule of the common law that statutes in derogation thereof are to be strictly construed has no application to the statutes of the state of Montana. The statutes establish the law of this state respecting the subjects to which they relate ....
There may be policy arguments in favor of the new exception created by the majority opinion, but if additional exceptions are to be added to § 25-13-608, MCA, the Legislature is the appropriate body to create such new exceptions.
The majority opinion does not discuss the District Court’s award to Margaret of $298.33 per month out of George’s workers’ compensation benefits. § 39-71-743, MCA, provides in part that “[n]o payments under this chapter shall be assignable, subject to attachment or garnishment, or be held liable in any way for debts ....” The disability-type benefits George receives from his workers’ compensation award are exempt and the majority opinion fails to even address this issue.
Finally, since the order directing George to make temporary maintenance payments out of his disability and workers’ compensation benefits was incorrect as a matter of law, the subsequent contempt of court order for failing to obey the temporary maintenance order was error. A party cannot be guilty of contempt for disobeying an order which the court had no authority to make. State ex rel. Enochs v. District Court (1942), 113 Mont. 227, 123 P.2d 971; Phillips v. Loberg (1980), 186 Mont. 331, 607 P.2d 561.
I would reverse.
JUSTICE TRIEWEILER and JUSTICE GRAY concur in the dissent of JUSTICE HUNT.